## Daley v. Iselin, Appellant.

*Principal and agent—Vendor and vendee—Estoppel—Contract.*

Where a principal authorizes his agent orally to purchase land, and the agent enters into a written agreement to purchase the land, and also in addition to the land, two options, and the principal without any knowledge of the written agreement, or of the options mentioned in it, accepts a deed for the land, and pays the purchase money therefor,

he cannot be held liable for the price of the options. In such a case the acceptance of the deed and payment of the purchase money do not estop the principal from repudiating the agreement made by the agent without his knowledge or authority.

Where the relation of principal and agent exists, before an unauthorized act of the agent can be said to be ratified by the principal, he must have full knowledge of all the material facts and circumstances attending the act; no different rule is to be applied when one is to be estopped.

Argued April 22, 1907. Appeal, No. 283, Jan. T., 1906, by defendants, from judgment of C. P. Clearfield Co., Sept. T., 1889, No. 320, on verdict for plaintiff in case of James J. Daley and H. A. Daley v. Adrian Iselin et al., Executors of Adrian Iselin, deceased. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on a contract in writing. Before SMITH, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,882.89. Defendant appealed.

*Error assigned* among others was in discharging rule for judgment for defendant non obstante veredicto.

*A. L. Cole* and *B. M. Clark*, for appellants.—A ratification presupposes knowledge of the act to be ratified : Zoebisch v. Rauch, 133 Pa. 532 ; Pittsburg, etc., R. R. Co. v. Gazzam, 32 Pa. 340 ; Moore v. Patterson, 28 Pa. 505 ; Hays v. Hays, 179 Pa. 277 ; Sensinger v. Boyer, 153 Pa. 628.

*Frank Fielding* and *Oscar Mitchell*, with them *W. C. Pentz*, for appellees.—Where one adopts a contract, entered into without his authority, he must adopt it altogether. He cannot ratify the beneficial part and reject the remainder : Mundorff v. Wickersham, 63 Pa. 87 ; McClintock v. South Penn Oil Co., 146 Pa. 144.

OPINION BY MR. JUSTICE BROWN, June 3, 1907 :

Adrian Iselin, of the city of New York, verbally authorized Lucius W. Robinson, a resident of Punxsutawney, Jefferson

county, this state, to purchase for him from James J. and H. A. Daley a farm of ninety-six acres situated in Sandy township, Clearfield county. On December 22, 1898, Robinson entered into a written agreement with the owners of the land to purchase it for $20,000. It was signed " Adrian Iselin, per Lucius W. Robinson." When the deed was ready for delivery Iselin accepted it and paid the purchase money. He had never authorized Robinson, verbally or otherwise, to sign his name to the agreement, and did not know of its existence when he accepted the deed and paid for the property. This clearly appears from the evidence, and the court below correctly instructed the jury that Robinson had no authority of any kind, verbal or written, to execute the agreement. After Iselin had accepted the deed and paid for the property he learned for the first time that the contract executed by Robinson included an agreement to purchase certain options from J. J. Daley and one from H. A. Daley. This suit, brought by the Daleys jointly, is for the recovery of what they allege is due them for their options. Iselin declined to take the options for the reason that he had never given any authority to Robinson to purchase them, and knew nothing about the agreement he had made. A verdict was directed for the plaintiffs upon which judgment was subsequently entered. In the opinion refusing judgment for the defendant non obstante veredicto the court held that there was no proof of Robinson's agency, none of Iselin's ratification of the unauthorized act, and that, as Iselin accepted the deed in utter ignorance of the contract, his acceptance of the same could not be regarded as ratification of what Robinson had done. The right to recover was put upon the distinct ground that Iselin, having verbally authorized Robinson to purchase the farm for him, and having accepted the deed for it, was estopped from repudiating Robinson's act in including the options in the agreement of December 22, 1898. The view of the trial judge, as expressed in his own words, is : " He was estopped from repudiating the act of his agent in including that which he did not want, after he had accepted the benefit of his agent's act in getting what he did want, when both the subjects of contract were in the same agreement."

If at the time he accepted the deed for the farm and paid

for it Iselin knew what Robinson had done, and that the plaintiffs had sold him the property in pursuance of the written agreement, the view entertained by the court below would be correct, but, under the undisputed facts, it must be regarded as error. Iselin undoubtedly accepted the deed under the assumption that Robinson had made the purchase for him in pursuance of his verbal instructions to do so. Of the written agreement which the plaintiffs would enforce he knew absolutely nothing. When it was entered into they made no inquiry as to Robinson's authority to execute it, and they delivered the deed to Iselin without informing him that they did so under a written contract which included the options. They dealt with one unauthorized to act as he did for Iselin, and they cannot now ask that the latter be bound by all he did simply because the deed for the farm was accepted. Its acceptance was in utter ignorance of Robinson's written agreement. Even if he had known that Robinson had made it for the purchase of the farm there was no reason why he should have thought it included anything else. The rule which the trial judge applied has no place in this controversy. As just stated, he was of opinion that Iselin's acceptance of the deed could not be regarded as a ratification of Robinson's contract, because he did not know it included the options. This was correct, for where the relation of principal and agent exists, before an unauthorized act of the agent can be said to be ratified by the principal, he must have full knowledge of all the material facts and circumstances attending the act : Pittsburg & Steubenville R. R. Co. v. Gazzam, 32 Pa. 340 ; Mechem on Agency, sec. 148. No different rule is to be applied when one is to be estopped. One of the weightiest elements in estoppel is knowledge of his rights by him who is to be estopped : Hays v. Hays, 179 Pa. 277.

The other questions raised by the appellant need not be considered. The judgment for the plaintiffs is reversed and the record remitted, with direction that judgment be entered for the defendant non obstante veredicto.