# Reed *v.* Philadelphia Life Insurance Company, Appellant.

*Insurance—Life insurance—Illegal contract—Authority of agent— Act of May 3, 1909, P. L. 405.*

A life insurance company, which accepts applications for insurance in which the applicants state that all representations and agreements are reduced to writing therein, and has issued the policies and received the first year's premium, less the agent's commission, is not bound by an agreement made by the agent without the knowledge or authority of the company to return the premiums and cancel the policies, if a mortgage loan for a large amount is not made by the company to the applicants within thirty days from the date of the agreement. Such an agreement cannot be enforced against the company because (1) it is not referred to in the application; (2) it is not within the authority of the agent to make; and (3) it is a clear violation of the Act of May 3, 1909, P. L. 405, which forbids rebates of premiums, and the making of any agreement as to life insurance other than is plainly expressed in the policy.

Argued April 9, 1912.   Appeal, No. 7, April T., 1912, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 847, making absolute rule for judgment for want of a sufficient affidavit of defense in case of C. N. Reed et al. v. Philadelphia Life Insurance Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Assumpsit to recover back premiums paid for life insurance.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Pier Dannals*, with him *Clifton Maloney*, for appellant.— The plaintiffs are estopped from setting up the agreement sued on: Ridgeway Dynamo & Engine Co. v. Cement Co., 221 Pa. 160; S. Morgan Smith Co. v. Water Power & Supply Co., 221 Pa. 165; Otto Gas Engine Works v. Pepper, 228 Pa. 205; Robb v. Millers Mut. Fire Ins. Co., 230 Pa. 44; Hill v. Epley, 31 Pa. 331; Gray's App., 10 W. N. C. 458.

The agent had no authority to make the alleged agreement: American Life Ins. & Trust Co. v. Shultz, 82 Pa. 46; Greene v. Ins. Co., 91 Pa. 387; Murphy v. Ins. Co., 30 Pa. Superior Ct. 560; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Daley v. Iselin, 218 Pa. 515.

The agreement set up by the plaintiffs was void as being in violation of the Act of May 3, 1909, P. L. 405.

An action founded upon a transaction prohibited by a statute cannot be maintained: Holt v. Green, 73 Pa. 198; Johnson v. Hulings, 103 Pa. 498.

*Nelson McVicar*, of *Kennedy, McVicar & Hazlett*, for appellees.—The agreement was within the authority conferred by defendant on its general agent: Duncan v. Hartman, 143 Pa. 595; Empire Implement Mfg. Co. v. Hench, 219 Pa. 135.

If the agreement was not within the authority conferred by defendant on its agent, then defendant was required either to adopt or reject the contract made by him as a whole: Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495; Erie City Iron Works v. Barber, 106 Pa. 125; Jones v. Nat. Bldg. Assn., 94 Pa. 215.

The appellants are not estopped from setting up the agreement made by the general agent of the defendant, by reason of the statement in the applications for insurance, that all representations and agreements made with its agent are reduced to writing and made a part of this application or of the policy issued hereunder: Hebb v. Ins. Co., 138 Pa. 174; Gandy v. Weckerly, 220 Pa. 285; Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495.

Appellants' right to recover is not affected by the Act of May 3, 1909, P. L. 405: Key v. Ins. Co., 107 Iowa, 446 (78 N. W. Repr. 68); Spangler Brewing Co. v. Ins. Co., 58 Pitts. Leg. J. 313.

OPINION BY PORTER, J., July 18, 1912:

The plaintiffs jointly brought this action of assumpsit to recover of the defendant the aggregate amount of certain premiums of insurance which had been paid by them severally at the time they had made application for insurance, upon their respective lives, on December 6, 1909. The insurance company filed an affidavit of defense, which the court below held to be insufficient and entered judgment in favor of the plaintiffs, and from that judgment the defendant appeals.

The plaintiffs in their statement based their alleged right to recover upon two grounds: (1) That on April 7, 1910, the plaintiffs had notified the defendant that their applications for insurance upon their respective lives were withdrawn, and that the company having failed to tender the policies applied for prior to that date the plaintiffs were entitled to a return of the premiums; (2) That at the time the plaintiffs had made the applications for insurance and paid the premiums to Billmier, the general

agent of the company at Pittsburg, they had entered into a written agreement with the latter contracting that in case the company did not, within thirty days from December 6, 1909, accept an application which the plaintiffs had jointly made for a loan of $25,000 on property at Tarentum, Allegheny county, Pa., the first premium so paid on the life insurance should be returned, "and the life insurance to be cancelled forthwith without any cost."

The affidavit of defense alleged that the only contracts entered into by the defendant with the plaintiffs were contracts of insurance based upon four applications made by the plaintiffs severally, on December 6, 1909, as follows: by Reed for $10,000, by Kennerdell for $5,000 insurance; by Gummert $5,000 insurance, and by Duster $5,000 insurance. That said applications were accepted by the company, that the premiums had been paid by the plaintiffs, respectively, to Billmier, the agent of the company at Pittsburg, who had paid the same less his commissions to the defendant company; that policies were duly issued in accordance with the applications and placed in the hands of Billmier for delivery to the insured, respectively, that the latter tendered the policies to the insured, respectively, in December, 1909, and that said policies were duly entered upon the books of the company and were in full force at the date the affidavit of defense was filed. This was a specific answer to the averment of the statement of claim that the defendant had failed to tender the policies for which the applications had been made and the premiums paid, and disposes of the first ground, above stated, upon which the plaintiffs seek to recover.

The second reason for which plaintiffs alleged a right to recover, even if the policies had, in the first instance, become binding upon the company, was based upon the following written agreement:

"PITTSBURGH, PA., Dec. 6th, 1909.

"Mess. C. N. Reed, E. H. Kennerdell, Thomas M. Gummert and John Duster have this day applied to the Phila-

delphia Life Insurance Co. of Phila., Pa., for a loan of $25,000.00 to cover on their property situate on Corbet and East Seventh Ave., Tarentum, Pa. And for life insurance to the amount of $25,000.00 and I hereby acknowledge receipt of $1108.90 being in full for the first year premium on the said Life Ins. policies. In case the said loan is not accepted by the said company within thirty days from the date hereof, I hereby agree to return the said $1108.90, the first premium, and the life insurance to be cancelled forthwith, without any cost.

"Geo. G. Billmier, Genl. Agt."

The plaintiffs attached a copy of this agreement to their statement and averred that in February, 1910, they had requested the defendant to comply with the terms thereof, that the insurance company notified the plaintiffs that thèy had no knowledge of said agreement and refused to comply with its terms. They aver that because of the failure of the company to make the loan of $25,000, they are now entitled, by force of the agreement quoted, to recover, in this joint action, the entire premiums paid by them individually upon the insurance policies without any deduction for the time the insurance remained in force. It is proper here to observe that the plaintiffs were content in their statement merely to aver that the defendant corporation entered into this contract "by its general agent, George G. Billmier"; the statement contains no other averment as to the authority of Billmier to bind the company, nor does it state any course of dealing from which an authority could be implied.

The affidavit of defense, as to this branch of the case, asserts that Billmier "had no authority from said defendant, express or implied, to enter into this agreement." The affidavit specifically set forth the limits of the authority of Billmier to act for the company, thus: "Said Billmier was employed and authorized by said defendant to act as its agent only for the following purposes, to wit: to canvass for applications for life insurance and to for-

ward the same to the said defendant, and if risks were
approved and the policies issued by said defendant, to
collect and forthwith pay over to said defendant the
premiums on insurance thus effected." The affidavit
distinctly averred that the applications of the individual
parties for insurance were received through Billmier in
the usual course of business and that the defendant com-
pany had no notice whatever of any other agreement with
the plaintiffs than as set forth in their individual appli-
cations; that the defendant first learned of the alleged
written agreement between the plaintiffs and Billmier on
February 25, 1910, when they were notified of its existence
by Reed, one of the plaintiffs, and defendant thereupon
immediately notified Reed that Billmier had no authority
to make the agreement. All these allegations must, for
the purposes of this case, be accepted as true. We have
in this case no allegation of a course of dealing by this
company with Billmier which would clothe the latter
with apparent authority to bind the company by any
contract that he might see fit to make. The scope of
Billmier's agency must be accepted as limited "to canvass
for applications for life insurance and to forward the same
to the defendant, and if the risks were approved and the
policies issued by the defendant, to collect and pay over
the premiums to the company." The question presented
is: Does an agent whose authority is thus limited have
power to bind the company by a contract such as that set
up by these plaintiffs, when no reference is made to such
collateral contract in the application for insurance or the
policy, and the company has had no notice until the in-
sured has for more than two months had the benefit of
the insurance? It is only fair to the court below to say
that its attention does not seem to have been called to the
effect of the Act of May 3, 1909, P. L. 405, upon the de-
termination of this question. The briefs of counsel in this
court have, however, referred to the provisions of that
statute and we have the advantage of their discussion.

The applications for insurance were made on Decem-

ber 6, 1909, and contemplated the immediate issuance of
the policies, and three of the policies were issued on De-
cember 14, and the fourth on December 16, 1909. The
written agreement, signed by Billmier, upon which the
plaintiffs rely, clearly indicates that it was the intention
of the parties to that agreement that the insurance for
which these plaintiffs applied should at once become effec-
tive, or at least the policies should promptly be issued by
the company, for it provides that in case the insurance
company did not within thirty days loan the plaintiffs
$25,000, the life insurance should be canceled forthwith,
without cost. The covenant is not that the applications
should be withdrawn, nor is it that the policies should not
be issued, nor is it in any other form indicating an inten-
tion that the company should not become liable upon the
policies. This was an agreement that the policies should
be issued, that the company should become bound and
continue bound, pending the application of the plaintiffs
for a loan, and in case the company failed to make the
loan the plaintiffs should get back their entire premium
and pay nothing for the insurance of which they had
had the benefit down until the time the policies should
be canceled. This was, in short, an agreement by Bill-
mier that the plaintiffs, severally, should have the bene-
fit of insurance without paying anything for it, unless
the company made a loan to them jointly. The Act of
May 3, 1909, P. L. 405, ordains: "That no insurance
company . . . ., or any officer, agent, solicitor, or rep-
resentative thereof, or any insurance broker shall pay,
allow or give, or offer to pay, allow or give, directly or
indirectly, as inducements to insurance, nor shall any
person knowingly receive, as such inducement to insur-
ance, any rebate of premiums payable on the policy, . . . .
or any valuable consideration or inducement whatever,
not specified in the policy contract of insurance." And,
also, "No life insurance company organized under the
laws of, or doing business in this commonwealth, shall
make or permit any distinction or discrimination in favor

of individuals, . . . . in the amount or payment of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any of the terms and conditions of the contracts it makes, nor shall any such company or agent thereof make any contract of insurance, or agreement as to such contract, other than as plainly expressed in the policy issued thereon." The second section of the statute provides that: "Any insurance company, its officers, or any person violating the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof the offender or offenders shall be sentenced to pay a fine," etc. The agreement set up by these plaintiffs, was a contract for a rebate of premiums, upon policies which it was intended should become an obligation of the company, the rebate to become payable unless the company within thirty days loaned $25,000 to the plaintiffs. This was a violation of the first clause of the statute above quoted; it was an advantage which Billmier, as agent, was by the statute expressly forbidden to give or promise and which all persons were forbidden knowingly to receive. The agreement was also a violation of the second clause of the statute above quoted in that it was an agreement as to a contract of life insurance, other than as plainly expressed in the policy. The defendant company had the right to employ Billmier as an agent to solicit applications in the manner stated in the affidavit of defense, and so long as he did what he was thus authorized to do his action was perfectly lawful. The employment of an agent to do a lawful act certainly cannot be said to give him an implied authority to enter into contracts absolutely prohibited by law and the execution of which would render all the parties liable to prosecution for a misdemeanor. We are convinced that the contract upon which the plaintiffs rely was one not within the authority of the agent, as disclosed by the affidavit of defense, to make.

The contract was collateral to the contract of insurance, not being referred to either in the application or the policy,

and the company had no notice of the unlawful arrangement, into which the plaintiffs and Billmier had entered, until more than two months after it had received the premiums and executed the policies. The statement filed by plaintiffs disclosed the unlawful character of the contract into which they had entered with Billmier, and it was necessary that it should do so, in order to sustain an action brought by them jointly to recover premiums of insurance which had been paid by them severally. The mere fact that the time was short during which the plaintiffs, severally, were to enjoy the advantages of having their lives insured without paying anything for it is not controlling; if an agent with authority limited, as was that of Billmier, may lawfully bind his principal by a contract providing that the company shall insure the life of an applicant for thirty days without compensation, there is no reason why he might not with equal propriety make a contract requiring the premium to be returned at the end of an entire year. One of the reasons for the enactment of such legislation as we find in the statute with which we are now dealing is that life insurance is a business in which the public have an interest and it is but just that all persons may have the advantage of life insurance upon equal terms and that those terms should be disclosed by the policies which the companies write. This statute, for the purpose of protecting the interests of all who may insure their lives, embodied provisions intended to protect the treasuries of insurance companies from depletion by their own officers, through the payment of rebates, and from the irregular action of their agents in making collateral agreements as to contracts of insurance, not clearly disclosed by the policies. It is manifest that if some persons are to have their lives insured by any company without the payment of any premium, the company must, if it continues to do business, exact a higher rate of premium from those who enter into bona fide contracts of insurance; those who pay must not only compensate the company for their own risks but must pay for those

who get insurance without paying. The Act of May 3, 1909, P. L. 405, would have failed of its purpose, if upon the facts alleged in the affidavit of defense, these plaintiffs were entitled to recover in this action.

The judgment is reversed with a procedendo.