## Mechling *v.* Philadelphia Life Insurance Company, Appellant.

*Insurance—Life insurance—Authority of agent—Agreement to return premium—Act of May 3, 1909, P. L. 405.*

1. An agent of a life insurance company who has authority only to negotiate insurance, cannot bind his company by an agreement made without the knowledge or consent of the company with a person who pays his first year's premium to the agent for a policy immediately to be issued, by which agreement the premium is to be repaid if the

company does not make a mortgage loan to the insured within a time specified. Even if the company agreed to such a contract, or ratified the act of its agent, the contract would be void as an illegal inducement prohibited by the Act of May 3, 1909, P. L. 405.

2. In such a case a settlement between the agent and the insurance company as to the premium paid, will not constitute a ratification of the collateral contract and bind the company, if it had no knowledge of the terms of the agreement between the agent and the insured.

Argued Dec. 13, 1912. Appeal, No. 185, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1911, No. 2,713, on verdict for plaintiff in case of Frederick M. Mechling v. Philadelphia Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit to recover back moneys paid as the first annual premium on a policy of life insurance. Before BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court. See also Burns & Reilly Real Estate Co. v. Philadelphia Life Ins. Co., 239 Pa. 22.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $394.55. Defendant appealed.

*Errors assigned* were in giving binding instructions for defendant and in refusing defendant's motion for judgment n. o. v.

*Clifton Maloney* and *Russell Duane*, for appellant.— The transaction was beyond the scope of the agent's authority: Dodge v. Williams, 47 Pa. Superior Ct. 302; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Mundis v. Emig, 171 Pa. 417; Murphy v. Prudential Ins. Co., 30 Pa. Superior Ct. 560; Hoffman v. Hancock Life Ins. Co., 92 U. S. 161.

The transaction between the agent and the plaintiff was primarily a mortgage transaction and the insurance

was purely incidental and collateral: McCulloch v. Mc-Kee, 16 Pa. 289.

There is nothing to show that it was intended that the defendant should be bound. The agreement·set up by the plaintiff was illegal: Act of May 3, 1909, P. L. 405; Ellis v. Anderson, 49 Pa. Superior Ct. 245; Reed v. Philadelphia Life Ins. Co., 50 Pa. Superior Ct. 384.

The defendant did not in any way ratify its agent's agreement: Pollock v. Standard Steel Car Co., 230 Pa. 136; Daley v. Iselin, 218 Pa. 515.

*Robert D. Jenks,* for appellee.—The defendant, whose agent made a contract on its behalf with plaintiff, cannot, being aware of the entire contract, repudiate its burdens and retain its benefits: Mundorff v. Wickersham, 63 Pa. 87; Lycoming Fire Ins. Co. v. Woodworth, 83 Pa. 223; Jones v. National Building Assn., 94 Pa. 215; Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495; Wheeler & Wilson Mfg. Co. v. Aughey, 144 Pa. 398; Meyerhoff v. Daniels, 173 Pa. 555.

The agreement set up by the plaintiff was not illegal under the terms of the act of May 3, 1909: Ellis v. Anderson, 49 Pa. Superior Ct. 245.

OPINION BY PORTER, J., April 29, 1913:

The plaintiff brought this action to recover the amount which he had paid in advance, as the first annual premium, on a policy of insurance upon his life issued by the defendant company, upon his application for the same dated October 29, 1909. The ground upon which the plaintiff based his alleged right to recover was that one Billmier, acting as agent for the company, had at the time the application was made agreed that the amount of the annual premium paid would be returned in thirty days, unless the defendant within that time loaned the plaintiff the sum of $40,000 upon a mortgage of his real estate, and that defendant having failed to advance the said sum of money the plaintiff was entitled to have

returned the premium which he had paid upon the policy of insurance. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The application of this plaintiff for insurance upon his life, dated October 29, 1909, clearly indicated that it was the intention of the plaintiff that the policy should issue forthwith. That paper contained these material statements, "I hereby agree to be examined forthwith by an authorized medical examiner of the company, and to accept the policy when issued"; and "I hereby agree that all representations and agreements made by or with the company or the agent taking this application are reduced to writing herein and made a part of this application and the policy issued hereunder." The plaintiff upon the same day paid to Billmier, the agent, the sum of $343.85, the amount of the first annual premium on the policy. Billmier forwarded this written application to the general office of the defendant company at Philadelphia. The plaintiff testified that he was examined by the medical examiner of the defendant company in the office of Billmier, at Pittsburg, the same day upon which he signed the application. There was no reference in the application to any agreement with Billmier which made the issue or acceptance of the policy conditional upon the grant of a real estate loan, or which called for the return of the premium by the company unless such a loan was made. In so far then as the matter of life insurance was concerned, the application showed only that the transaction was the usual one, contemplating the payment of the premium for the first year, and the immediate issue of the policy. The facts thus presented to the defendant company by the written application of this plaintiff, the plaintiff having paid his premium to Billmier, who was concededly authorized to receive it, and having submitted himself to and been approved by the medical examiner of the company, clearly indicated that the plaintiff was entitled to have his policy at once, and the company accordingly,

on November 4, 1909, issued the policy and sent it to Billmier for delivery. The plaintiff having paid the premium and the policy having been issued and sent to Billmier for delivery, without condition, to the plaintiff, completed the contract, and the company became bound even if the physical possession of the policy was not by Billmier delivered to the plaintiff: 25 Cyc. 718; 1 Cooley's Briefs of the Laws of Insurance, page 449; Rose v. Mutual Life Insurance Co., 240 Ill. 45. This, so far as the evidence discloses, was all that the defendant company knew about this insurance transaction until April 9, 1910, when the plaintiff wrote to the home office at Philadelphia, stating that Billmier, acting for the company, had contracted that the premium paid upon the life insurance policy should be returned, if the loan was not made within thirty days, and demanded a return of the life insurance premium. Those authorized to represent the company at once wrote the plaintiff stating that Billmier was without authority to make any such contract or any contract relating to loans. It may here be observed that at the time the defendant was informed that the plaintiff asserted the right to have the insurance premium returned, the latter had already enjoyed the advantage of the insurance upon his life for over five months.

There is no doubt that, at the time plaintiff paid the insurance premium, he received from Billmier a receipt in the following form, viz.:

"PITTSBURGH, Oct. 28th, 1909.
"Mortgage for $35,000.
"Received of Frederick M. Mechling,
"Three hundred forty-three 85-100th dollars, on account premium of $5000.00 life insurance in Phila. Life Insurance Co. to be returned in 30 days if mortgage is not accepted by Phila. Life Ins. Co.

"GEO. G. BILLMIER,
"Genl. Agt."

This receipt the plaintiff retained, making no reference to it in the application for insurance to be forwarded to the company, which he signed.  The evidence as to the scope of the employment of Billmier and his authority to represent this defendant company which was presented in this case is identical with that passed upon by the Supreme Court in Burns & Reilly Real Estate Co. v. Philadelphia Life Insurance Co., 239 Pa. 22.  It was in that case held that Billmier was without authority to represent the company in any matter relating to the making of loans and that he had no authority to make any representations for the defendant company with respect to such loans.  It was also held that the retention of the premiums paid upon policies of insurance, under applications precisely similar to that involved in the present case, did not justify the submission to the jury of the question of knowledge upon the part of the company that a collateral agreement had been made for the return of the premium, nor was it any evidence of a ratification of the collateral agreement of which the company had no notice.  If, therefore, the covenant of Billmier upon which the plaintiff in the present case relies is considered in the light of an undertaking to loan money, or if the money was not loaned then to refund the premium paid on life insurance, the decision of the Supreme Court in Burns & Reilly Real Estate Co. v. Philadelphia Life Insurance Co., 239 Pa. 22, determines that the plaintiff is not entitled to recover, for it was there said: "It must be assumed that in dealing with Mr. Billmier concerning the real estate loans, the Burns & Reilly Real Estate Co. dealt with him as an individual, and not as the general agent of the insurance company, for he had no authority to make any representations of the defendant company with respect to such loans."

When Billmier, in December, 1909, settled with the defendant company for this premium, retaining the major part as his commission and paying to the company the small balance, the acceptance of that sum by the company, without knowledge of the collateral contract into

which Billmier had entered with the plaintiff, did not, in the circumstances under which the company acted, constitute a ratification of that collateral contract: Daley v. Iselin, 218 Pa. 515; Pollock v. Standard Steel Car Co., 230 Pa. 136. If the plaintiff paid this money as a premium of insurance, as his application to the company represented it to be, then he received what he bargained for. If he paid it to secure a mortgage loan, without disclosing that fact to the defendant company, then he dealt with Billmier as an individual, and to him he must look for reimbursement.

If the covenant made by Billmier, upon which the plaintiff relies, may be considered as a part of the contract of insurance, then, not being specified in either the application or the policy, it constituted an inducement to insurance, within the meaning of the Act of May 3, 1909, P. L. 405, and involved such a violation of the provisions of that statute that it must be held invalid. The plaintiff expressly averred in his statement that, "Defendant, through its said general agent, agreed to this proposition and induced plaintiff to make application for a life insurance policy in the said sum and in accordance with the application and defendant's rules, to pay it the sum of $343.85, the amount of the premium payable in advance for the first year." The testimony of the plaintiff was in entire harmony with this averment of his statement, and this action is an attempt to enforce a contract, which was an inducement to insurance, in violation of the statute. The plaintiff also averred in his statement that: "Defendant, although it accepted the application of plaintiff for life insurance and issued a policy of insurance thereon and although it received full notice from plaintiff of the contract entered into as aforesaid, has wholly failed to comply with the terms of the contract under which it was agreed either to advance the money upon the mortgage, or, if unwilling to do this, to cancel the policy of insurance and return the premium within thirty days." The plaintiff's testimony is in entire harmony

with the allegations of his statement. He fully understood that the policy was to be issued at once, and he and Billmier agreed, without the knowledge of the defendant company, that if the company did not loan the plaintiff a large sum of money, the entire premium paid was to be returned to the plaintiff and he was to have for nothing his insurance during the time the policy was in force. This contract is of the very character which it was the purpose of the act of 1909 to prevent and punish, and the plaintiff thus basing his claim upon an unlawful contract is not entitled to recover: Reed v. Philadelphia Life Insurance Co., 50 Pa. Superior Ct. 384. The specifications of error are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.