# Farmers and Breeders Mutual Reserve Fund Live Stock Insurance Company *v.* Derr, Appellant.

*Insurance—Mutual insurance—Illegal rebate—Cancellation of policy —Act of March 31, 1911, P. L. 39.*

Where a person takes out a policy of insurance in a mutual insurance company and the agent agrees in violation of the Act of March 31, 1911, P. L. 39, and without the knowledge of the company that the insured shall not be required to pay the first or initial premium, the insured cannot demand a cancellation of the policy without payment of the premium, if the policy requires as a prerequisite of the right to cancel, the payment of such premium.

Argued Dec. 14, 1914. Appeal, No. 254, Oct. T., 1914, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1914, No. 4,128, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Farmers and Breeders Mutual Reserve Fund Live

Stock Insurance Company of the United States v. Derr. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit to recover a premium upon an insurance policy.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Sidney E. Smith,* for appellant, cited: Eilenberger v. Protective Mut. F. Ins. Co., 89 Pa. 464; Thomas v. Western Insurance Co. of Pittsburg, 5 Pa. Superior Ct. 383; Lycoming Fire Ins. Co. v. Woodworth, 83 Pa. 223; James v. National Building Association, 9 W. N. C. 325; State Life Insurance Co. v. Strong, 127 Mich. 346.

*George J. Edwards, Jr.,* for appellee.

OPINION BY TREXLER, J., May 14, 1915:

This suit was brought for the recovery of premiums due on a policy of insurance covering defendant's horses. The court entered judgment for want of a sufficient affidavit of defense.

The Act of March 31, 1911, P. L. 39, provides that no insurance company or agent shall give any rebate of premiums payable on the policy. We find from the affidavit of defense that the agent of the company solicited the defendant to insure his horses and that the "defendant refused to make such contract of insurance but stated that he would take the insurance if the plaintiff would waive the payment of said policy fee." The policy fee was not a fee for the preparation of the policy but was the initial premium paid for the insurance. The insured induced the agent to give him a rebate,

and now seeks to avoid the payment of the premiums due under the terms of the policy. The agreement to remit the first premium was a clear violation of the act of 1911. Of course no reference is made to it in the policy, for being absolutely prohibited by law, it could form no part of a lawful contract to insure. The contract of insurance as made, is expressed in the policy. There is no positive averment in the affidavit that the company knew of the illegal contract which the agent sought to make. It was certainly not within the scope of his authority to make an unlawful contract. As was stated by our Brother PORTER in Reed v. Philadelphia Life Insurance Co., 50 Pa. Superior Ct. 384, "The employment of an agent to do a lawful act certainly cannot be said to give him an implied authority to enter into contracts absolutely prohibited by law and the execution of which would render all the parties liable to prosecution for a misdemeanor." See also Mechling v. Philadelphia Life Insurance Co., 53 Pa. Superior Ct. 526.

The policy was dated December 13, 1912, and was retained by the defendant until March 6, 1913, at which time he requested its cancellation. As the collateral agreement made by the agent was void and was not binding on the company, and the policy formed the only contract of the parties, defendant was not entitled to a cancellation of the policy until he had complied with its terms. The policy required as a prerequisite of the right to cancel, the payment of the premium for the current quarter. The premium not having been paid a cancellation was rightly refused.

The assignments of error are overruled and the judgment is affirmed.