## Ætna Life Ins. Co., Appellant, v. Clark.

*Insurance—Premiums—Payment by note to agent—Illegal rebate—Act of March 31, 1911, P. L. 39.*

In an action by a life insurance company to recover the whole of the first premium on policies of insurance, where it appears that the agent of the company with full authority from the company to deliver the policy and receive payment of the premium, accepts a note for part of the premium, and for the balance allows a rebate illegal under the Act of March 31, 1911, P. L. 39, and when the note is paid, embezzles the proceeds, recovery will be allowed only for the amount of the illegal rebate.

Argued Nov. 22, 1915.    Appeal, No. 215, Oct. T., 1915, by plaintiff, on judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 987, on verdict for plaintiff in case of Ætna Life Insurance Company v. Harry E. Clark. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit to recover the first premium on several policies of life insurance.    Before BREGY, P. J.

At the trial it appeared that the premium amounted to $957.87.    Defendant received the policy from the plaintiff's agent, Walter, who had authority to accept payment of the premiums.    He gave his note for $574.72, and the balance he retained under an agreement with Walter to be applied to an indebtedness due to defendant from one Rank who was an insurance agent, but not a licensed agent of the plaintiff.    The note was subsequently paid by defendant to Walter but the latter never turned over the proceeds to the company.    The court directed a verdict for the amount of the rebate only.

Verdict and judgment for plaintiff for $434.88.  Plaintiff appealed.

*Error assigned* was the charge of the court.

*Paul Reilly,* for appellant.—Appellee's arrangement
with Walter was illegal: Johnson v. Hulings, 103 Pa.
498.

Appellee cannot set up the illegal arrangement with
Walter as a defense: Pittsburgh v. Goshorn, 230 Pa.
212; Vandegrift v. Vandegrift, 226 Pa. 254; Holt v.
Green, 73 Pa. 198; Johnson v. Hulings, 103 Pa. 498;
Blattenberger v. Holman, 103 Pa. 555.

The arrangement of appellee with Walter was not
within the scope of Walter's known agency: Farmers'
& C. Ins. Co. v. Derr, 59 Pa. Superior Ct. 600; Mechling
v. Philadelphia, Etc., Ins. Co., 53 Pa. 526; Reed v. Phila-
delphia, Etc., Co., 50 Pa. 384; Burns, Reilly, Etc., Co. v.
Philadelphia, Etc., Life Ins. Co., 239 Pa. 22.


*D. H. Stone,* with him *D. Stuart Robinson,* for appel-
lee.


Opinion by Kephart, J., March 1, 1916:

This is an action to recover the first premium on sev-
eral policies of insurance.  The defendant gave to the
plaintiff's agent a note for a part of the amount due
which he subsequently paid to the agent.  The balance
of the premium was retained by the defendant and, as
he alleged, was by agreement applied to an indebtedness
due to him from one Rank.  Rank was not a licensed
agent nor employed by the plaintiff and it was held by
the trial court that the premium unpaid was virtually
a rebate to the insured in violation of the Act of May 3,
1909, as amended by the Act of March 31, 1911, P. L.
39; Mechling v. Philadelphia Life Insurance Company,
Appellant, 53 Pa. Superior Ct. 526; Farmers and
Breeders Mutual Reserve Fund Live Stock Insurance Co.
v. Derr, Appellant, 59 Pa. Superior Ct. 600.  Plaintiff
contends that though the defendant had paid to the plain-
tiff's agent two-thirds of the premium due, he may sue the
defendant for the entire premium, treating the two-thirds
payment as being no payment in law.  It was admitted

at the trial that the agent had authority to collect the premiums due. If it were not so admitted it has been held that where an insurance company invests an agent with authority to solicit insurance and entrusts him with the delivery of the policies he has an implied authority to collect the money due thereon: Gosch v. Firemen's Insurance Company, Appellant, 33 Pa. Superior Ct. 496. The action of the general agent of a life insurance company in delivering a policy to the insured and accepting his interest-bearing notes for the amount of the first premium, constitutes a waiver of the provision of the policy requiring the payment of the first premium in advance: Ellis, Appellant, v. Anderson, 49 Pa. Superior Ct. 245. "The company could waive the stipulation, made solely for its protection, that no liability should attach until the first premium was actually paid to it or to its authorized agent, and its general agent could bind it in this regard": Snyder, Nederland, Etc., v. Insurance Company, Appellant, 202 Pa. 161; Elkins & Company v. The Susquehanna Mutual Fire Insurance Company, 113 Pa. 386. If the agent delivers the policies before the whole sum is paid, the company may maintain an action to recover the balance of the premium or assessment which is due and payable, although there may be a right of forfeiture because of nonpayment. The payment to the agent was a part of the contract of insurance. It was in pursuance of the perfectly orderly way of closing such contracts. There was nothing unlawful in the defendant's giving a note as part payment of the premium. It was afterwards paid in cash under the agreement of insurance. The agreement by which a portion of the premium was retained in violation of the act of assembly was a collateral agreement apart from and outside of the lawful agreement of payment. It was not countenanced by law and was properly stricken down by the trial court. When this was done nothing remained but the lawful agreement to pay; that being partly satisfied, plaintiff was entitled to recover the amount due thereon.

This the trial judge properly held appellant to be entitled to, and permitted a judgment for the amount rebated or retained by the defendant.   To hold that suit should be had for the entire premium notwithstanding this part payment, would permit the plaintiff to take advantage of conditions clearly not within the contemplation of the decisions relative to fraudulent agreements.   Had the agent, instead of embezzling the money paid on the note, handed it directly to the insurance company, could it be said that insurance company, after discovering the illegal collateral contract, might keep the money thus paid and sue for the entire premium as contracted for?   Appellant's contention comes from misapplying the contracts under consideration and endeavoring to weave the collateral contract of rebate into the perfectly valid contract of payment.   The learned court was correct in refusing judgment for the entire amount of the premium.

The assignments of error are overruled, and the judgment is affirmed.