# Foos *v.* Pogar & Pogar, Appellants.

*Judgments—Opening of judgments—Evidence—Insufficiency—Principal and agent.*

A petition to open judgment is addressed to the discretion of the court, and unless there has been some abuse of such discretion, the action of the lower court will be affirmed.

On a rule to open judgment, it appeared that the defendants admitted the execution of the instrument but claimed that they had paid certain sums to one whom they believed to be the agent of the plaintiff. It was also established that this alleged agent had embezzled the funds committed to his custody.

In the depositions to support the rule, the defendants produced the embezzling subagent, to testify that he had been authorized to collect the money. This the plaintiff's agent denied. The only evidence of authority from the subagent was his own testimony that he had been authorized by the agent to make the collection.

Under such circumstances, the lower court was not guilty of abuse of discretion in accepting as true the evidence of the agent rather than that of the self-confessed embezzler, and the action of the court in discharging the rule will be sustained.

Argued March 4, 1924. Appeal, No. 3, Oct. T., 1924, by defendants, from judgment of C. P. Luzerne Co., Jan. T., 1923, No. 240, discharging rule to open judgment, in the case of Arthur C. Foos v. Andrew Pogar and Palahia Pogar. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before MCLEAN, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was, among others, the order of the court.

*Adrian H. Jones,* for appellants.—There was sufficient evidence of the subagent's authority to take the

case to a jury: Colonial Trust Co. v. Davis et ux., 274 Pa. 363, 2 Corpus Juris 859; Stewart v. Gen. Accident Ins. Co. of Phila., 39 Pa. Superior Ct. 396; Heckman's Est., 172 Pa. 185; Lightcap v. Nicola, 34 Pa. Superior Ct. 189; Latch v. West End Trust Co., 32 Pa. Superior Ct. 472; Moulton v. O'Bryan, 17 Pa. Superior Ct. 593; Nutting v. Lynn, 18 Pa. Superior Ct. 59; Clark & Co. v. Bank of Wheeling, 17 Pa. 322; Cloyd v. Reynolds, 52 Pa. Superior Ct. 365.

*John H. Bigelow,* for appellee.

OPINION BY PORTER, J., October 13, 1924:

This is an appeal from an order of the court below discharging the rule to show cause why a judgment, entered by confession under a warrant contained in a bond, should not be opened and the defendants let into a defense. The petition of the defendants, upon presentation of which the rule to show cause why the judgment should not be opened was granted, admitted that the bond and the mortgage which accompanied the same were duly executed and that the debt thereby secured amounted to $2,450, which amount bore interest from the 20th day of August, 1919, and averred that the defendants had made payments thereon to the plaintiff, "through his agents Thomas J. Whittaker and Harry M. Beach," which payments in the aggregate amounted to $1,900, leaving a balance of $550, with interest thereon, unpaid, and that the defendants had tendered said unpaid balance with interest thereon and the cost of satisfaction to the plaintiff, in full satisfaction of the debt, interest and costs, which tender the plaintiff had declined to accept. The petition prayed that a rule be granted to show cause why the judgment should not be opened and the defendants let into a defense. The court granted the rule as prayed for, whereupon the plaintiff filed an answer admitting that there had been paid upon account of the principal of the said debt to his

agent Thomas J. Whittaker several sums which in the aggregate amounted to $450, but denied that the plaintiff or anyone for him had received from the defendants, either directly or indirectly, any other payments whatever; and further averred that at no time was the said Harry M. Beach, either directly or indirectly, authorized to receive for the plaintiff any sums of money whatsoever. The issue thus raised by the petition and answer involved only the question of how much money had been paid by the defendants to the plaintiff or his authorized agents; no question was raised as to the amount originally due upon the bond and mortgage. The parties took depositions in support of their respective contentions and the court after a hearing discharged the rule to open the judgment.

The depositions presented by the defendants tended to establish that the plaintiff had authorized Whittaker to receive payments on account of the interest and principal upon the debt secured by the bond and mortgage of the defendants. Harry M. Beach as the agent of the defendants, was collecting the rents of the property described in the mortgage and the defendants, from time to time, delivered to said Beach sums of money aggregating $1,900 which defendants believed he was applying to the extinguishment of the mortgage debt. Beach paid to Whittaker, the agent of the plaintiff, the interest on the mortgage; but paid to him only the sum of $450 on account of the principal debt, the balance of the money which he had received from the defendants he embezzled. The defendants took the deposition of Beach, the self-confessed embezzler, who testified that he had been authorized by Whittaker to collect the principal and interest of the mortgage debt and that it was by virtue of such authority that he received the payment of the $1,900 on account of the principal from the defendants. The deposition of Whittaker, who was called as a witness by the plaintiff, absolutely contradicted this testimony of Beach and asserted that Beach was acting as agent

for the defendants and in that capacity made the payments which he actually turned over to Whittaker. There was not a scintilla of evidence tending to establish that the plaintiff knew that Beach was even pretending to act for him or that he knew that Beach had anything to do with the transaction or had paid any moneys to Whittaker. There was nothing in the evidence from which a jury should have been permitted to infer that the plaintiff had ratified the action of Beach: Daley v. Iselin, 218 Pa. 515; Moores' Executors v. Patterson, 28 Pa. 505. The only evidence of authority in Beach was his own testimony that he had been authorized by Whittaker to make the collection. The defendants were seeking to avail themselves of the acts of Beach, an alleged sub-agent, and the burden was upon them to prove not only the appointment of such sub-agent by the agent (Whittaker in this case), but also the authority of the agent to appoint the sub-agent: American Underwriters Association v. George, 97 Pa. 238; Mechem on Agency, vol. 1, section 306. There was nothing in this case to warrant a finding that the plaintiff had authorized Whittaker to appoint a sub-agent. The trust committed to Whittaker was exclusively personal and could not be delegated by him to another so as to affect the rights of his principal. But entirely aside from this and even if it be assumed that Whittaker had authority to appoint a sub-agent, the question still remained whether he had made such an appointment. Whittaker testified positively that he had conferred no authority upon Beach, while Beach asserted that Whittaker had authorized him to make the collections. This was all the testimony touching this particular matter. We certainly would not be warranted in holding the court below guilty of an abuse of discretion in accepting as true the testimony of Whittaker, rather than that of Beach the self-confessed embezzler.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.