SWOPE, P. ].,
— This is an appeal from an adjudication of the Insurance Commissioner of the Commonwealth of Pennsylvania, dated October 15, 1969, which suspended the license of Frank B. Fuhrer as an insurance agent for a period of 90 days and further imposed upon him a penalty of $1,000. Specifically, the commissioner found (a) that Mr. Fuhrer violated section 635 of the Insurance Department Act of May 17, 1921, P. L. 789, as amended, by offering an inducement to obtain insurance business in the Commonwealth of Pennsylvania; and (b) that Mr. Fuhrer was also in violation of section 639 of the Act of May 17, 1921, P. L. 789, art. VI, as amended, *143 in that he had engaged in such conduct as would have disqualified him from initial issuance of a license to conduct the business of an insurance agent in Pennsylvania. On October 29, 1969, a motion for supersedeas was granted by this court pending final disposition of the appeal.
The litigation revolves around a meeting and subsequent correspondence between Mr. Führer and a Mr. Frank Marsh, President of the Mid-State Bank and Trust Company, Altoona, Pa. On October 10, 1968, Mr. Führer, acting in his capacity as general agent for the Georgia International life Insurance Company, called on Mr. Marsh and they discussed the possibility of Georgia International’s writing the credit life insurance for consumer loan customers of the bank. Under the proffered arrangement, the bank would have collected the premiums for the credit insurance and, further, would have deposited the premium money in an account in the name of the insurance company, in which account the insurance company would have retained a balance of $100,000 minimum at all times. The account contemplated was to have been a checking account, thus affording to the bank the use of the moneys deposited therein without payment of interest. There is some controversy as to the exact minimum amount which was to have been held in the account, but it is uncontroverted that the figure of $100,000 was indicated to Mr. Marsh by Mr. Führer as part of his alleged offer of inducement. No agreement pursuant to this offer was ever consummated. On January 22, 1969, Mr. Führer was served with a notice of hearing to be held in the Insurance Department on charges that he had violated the Pennsylvania insurance laws by offering unlawful inducement to Mid-State Bank and Trust Company.
The first question to be decided is whether the ac *144 tions of Mr. Führer were violative of section 635 of the Insurance Department Act of May 17, 1921, P. L. 789, art. VI, 40 PS §275. The statute provides in this section as follows:
“No insurance agent, solicitor, or broker, personally or by any other party, shall offer, promise, allow, give, set off, or pay, directly or indirectly, any rebate of, or part of, the premium payable on the policy or on any policy or agent’s commission thereon, or earnings, profit, dividends, or other benefit founded, arising, accruing or to accrue thereon or therefrom, or any special advantage in date of policy or age of issue, or any paid employment or contract for services of any kind, or any other valuable consideration or inducement, to or for insurance on any risk in this Commonwealth, now or hereafter to be written, which is not specified in the policy contract of insurance; nor shall any such agent, solicitor, or broker, personally or otherwise, offer, promise, give, option, sell, or purchase any stock, bonds, securities, or property, or any dividends or profits accruing or to accrue thereon, or other thing of value whatsoever, as inducement to insurance or in connection therewith. Nothing in this section shall be construed to prevent the taking of a bona fide obligation, with legal interest, in payment of any premium.”
The Commonwealth has indicated that the above-quoted section of the statute has not heretofore been before any court on the precise question of what will constitute an “inducement” or an “offer of inducement.” While this appears to be so, authority does exist which delineates the overall purpose of the statutory provision presently under consideration, as well as others similar in nature.
The case of McDowell v. Good Chevrolet — Cadillac, Inc., 397 Pa. 237 (1959), concerned section 635 and section 636 of the Insurance Department Act. The *145 court therein stated, at page 242; “It is obvious that the object of this legislation is to outlaw ‘unfair treatment of prospective insurants of the same class by offering inducements to one person that are not available to all persons of the same class.’ Dare’s Case, 13 Dauphin Co., 30, 32.”
The court further stated, in the McDowell Case, at pages 242-243, that, “The thrust of the anti-rebate provisions of the statute is against the placement of insurance whereby the insured secures the insurance at a favored rate, regardless of the mode or the manner in which such favored rate is obtained.”
There is no evidence in the record presently before us, however, to indicate that Mr. Führer had ever made representations to prospective insurants or customers of the bank. It is most significant that in the second paragraph of Mr. Fuhrer’s letter of October 11, 1968, to Mr. Marsh, he indicated that the rate which would be charged for the insurance written would be as prescribed by the Insurance Department without exception or qualification.
The Commonwealth places great reliance upon the case of Reed v. Philadelphia Life Insurance Co., 50 Pa. Superior Ct. 384 (1912). Upon careful consideration of that case, however, we are satisfied that it stands for no more than the same interpretation of the law as advanced in McDowell, i.e., the purpose of the statute is to protect insured and prospective insurants.
In light of these decisions wherein the statute has been interpreted heretofore, in the absence of evidence in the record that Mr. Führer made any offer or inducement, either directly or indirectly, which was calculated to make it possible for insurants to obtain insurance from his company at favored rates or in the expectation thereof, we must and do conclude that there was no violation of section 635 properly chargeable against him.
*146 Turning now to the question of whether or not there was a violation of section 639 of the Insurance Department Act of 1921, P. L. 789, art. VI, as amended, our decision in the first question as set forth herein-above renders inescapable the further conclusion that Mr. Führer was not guilty of any violation of section 639 of the act either. The commissioner charged that the conduct of Mr. Führer was such as would disqualify him from initial issuance of a license under sections 603, 622, and 624. There is no doubt that the Insurance Commissioner has certain powers to levy fines and suspend licenses under section 639 in certain situations: Insurance Department v. Sneyd, 88 D. & C. 97, 65 Dauphin 348. However, in the instant case, the record indicates that the commissioner depends for his determination that section 639 has been violated entirely upon the initial establishment of his first charge against Mr. Führer to the effect that he made an offer to Mid-State Bank and Trust Company which constituted an unlawful inducement under section 635. Since we have held that there was no violation of section 635, and no further evidence has been introduced concerning a violation of section 639, the charge of violating section 639 must also be dismissed.
In conclusion, it should be noted that we have accepted the facts as found by the Insurance Commissioner. The basis for reversal of his action in this matter rests solely upon what we consider to be the proper interpretation of the law.
Accordingly, we make the following
ORDER
Now, August 11, 1970, the within appeal is hereby sustained.