The Dwelling House Insurance Company v. Thomas Hardie.

Insurance — *Note, for Premium — Policy, Not Forfeited.* Where a note given in payment of a premium on a policy of insurance stipulated for a forfeiture of the policy because of the non-payment of the note at maturity, as provided in the policy, and the policy itself did not provide for a forfeiture on account of non-payment of the note, and did not contain a condition that the policy should not take effect until the premium was paid, but was executed on the theory that the note was accepted as a payment of the premium, and that the policy took effect upon the acceptance of the note and the delivery of the policy, *held,* that the condition of forfeiture mentioned in the note is nugatory, and that the liability of the company on the policy does not depend on the future payment of such note.

*Error from Franklin District Court.*

At the April Term, 1886, *Hardie* recovered a judgment for $305.53 against *The Insurance Company.* The defendant company brings the case here. The material facts are stated in the opinion.

*J. W. Deford,* for plaintiff in error.

*W. Littlefield,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in error brought to reverse a judgment of the district court of Franklin county, given in favor of Thomas Hardie against the Dwelling House Insurance Company of Boston, Massachusetts, for $305.53. The petition of Hardie set forth that he was insured by the company against loss by fire on his dwelling house in the city of Ottawa in the sum of $300, for a period of five years from the 30th day of March, 1885, the consideration being a premium of $7; that on the 23d day of October, 1885, the house was destroyed by fire without any fault or negligence on his part, and that he had made the necessary proofs of loss, and complied with all the conditions imposed on him by the policy, but that the company had failed and refused to pay the loss. The defense of the company was that the sole consideration for the policy was a note given by Hardie to the company on the 30th day of March, 1885, due on or before the first day of October, 1885, with interest at seven per cent. per annum from date, if paid at maturity, otherwise to bear the full legal rate of interest, which note, it was alleged, contained a stipulation that the non-payment of the note should render the policy null and void; and it is claimed that as the note was not paid at maturity, nor until October 26th, 1885, the company was not liable for the payment of the sum insured, nor any part thereof. It appears that the note was left with the First National Bank of Ottawa as the agent of the company for collection, and that after the maturity of the note, and on October 26th, 1885, the bank collected the amount due on the note from Hardie. We need not decide the question so much argued, whether the acceptance of payment by the company was a waiver of the condition of forfeiture, as under our interpretation of the contract it contained no valid condition stipulating for a forfeiture of the policy because of

the non-payment of the note.  The condition of the note relied on is as follows:

"It is a part of this contract that in case this note be not paid at or before maturity, that said policy shall, at said time of maturity, cease and determine, and be null and void, and so remain until said note shall have been fully paid to said company *as provided in said policy*."

The natural understanding and interpretation of this provision is, that the policy is to cease and determine upon default of payment, *as the policy referred to provides*.  When the policy is examined, however, it is found that it does not stipulate for a forfeiture because of the non-payment of the note.  It does not even contain a condition that the policy shall not take effect or the risk attach until the premium is paid.  Instead of containing these, or any like provisions, it is executed on the theory that the note was accepted by the company in payment of the premium, and that the policy took effect upon the receipt and acceptance of the note and the delivery of the policy.  In fact, the policy and the note do not correspond in their provisions, and the form of the note used seems to have been prepared to conform with a policy wholly different from the one on which this action is founded.  The policy expressly bound the company in consideration of the note itself, and it did not contain a word which fitted the reference made in the note.  It does not appear that the rules or by-laws of the company, nor yet the application for insurance, indicated that the liability of the company depended upon the future payment of the note.  It was competent for the parties to pay and accept payment of premium in the form of a note, and this appears to have been done.  This purpose was also evinced by the company in the collection of the note.  The bank was its agent for collection, and the note had matured some time before the collection was made.  Instead of proceeding on the theory now insisted on, and declaring the policy at an end when default was made, and collecting such portion of the premium as the company regarded to have been earned, it allowed the note to run and then collected the

entire amount of principal and interest. The condition mentioned in the note was to have effect and be in force according to the terms of the policy, and as the policy contains no provisions for forfeiture, and is inconsistent with such a theory, the condition of the note must be held to be nugatory. It follows that the judgment of the district court must be affirmed.

All the Justices concurring.