## HERMAN KOLLITZ v. EQUITABLE MUTUAL FIRE INSURANCE COMPANY.[1]

### May 27, 1904.

### Nos. 13,843—(83).

**Standard Insurance Policy.**

The Minnesota standard form of fire insurance policy provided by section 53, c. 175, p. 417, Laws 1895, as amended by chapter 254, p. 468, Laws 1897, though dictated by the statute, must be construed by the same rules as similar contracts voluntarily entered into. Conditions of insurance found in an application, but not embraced in the terms and conditions of the policy itself, as required by section 52 (page 417) of that statute, are inoperative and of no effect.

**Payment of Premium.**

Plaintiff signed and delivered to defendant an application for a fire insurance policy, which contained a provision to the effect that the policy issued thereon should be held suspended if the premium was not paid within ten days after delivery of the policy. The policy was issued and delivered on February 20, 1903; the property insured was destroyed by fire on March 3 following. On the next day plaintiff made proof of loss, and tendered payment of the amount of the premium to defendant, which it refused to accept, denying liability, under the policy, for the failure of plaintiff to pay the premium within the time prescribed by the application. It is *held* that, by delivering the policy without a prepayment of the premium, defendant must be taken to have extended credit to plaintiff, and the policy was in full force at the time of the fire. The condition found in the application, requiring payment of the premium within ten days after the issuance of the policy, was a condition of the insurance, and, not being embodied in the terms of the policy itself, was ineffectual to defeat liability for the loss.

**Tender.**

The tender of a bank check in payment of a debt is good, where it is refused, not on the ground that it is not lawful money, but upon some other ground which is not well taken.

Action in the district court for Hennepin county to recover $2,400 upon a policy of fire insurance. The case was tried before Brooks, J.,

[1] Reported in 99 N. W. 892.

who found in favor of plaintiff for $1,415.79. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*John M. Rees,* for appellant.

*Cohen, Atwater & Shaw,* for respondent.

BROWN, J.

Action to recover upon an insurance policy, in which plaintiff had judgment in the court below, and defendant appealed from an order denying its motion for a new trial.

The facts are as follows: On February 20, 1903, defendant issued and delivered to plaintiff a fire insurance policy of the Minnesota standard form, thereby insuring plaintiff's building, and merchandise contained therein, against loss by fire for the term of one year from that date. The policy delivered to the plaintiff contained an acknowledgment of the receipt of the premium therefor, though it had not in fact been paid. On March 3, following the issuance of the policy, plaintiff's building was destroyed by fire, and he suffered damages by reason thereof to the amount of about $1,400. The day after the fire, plaintiff rendered a statement of his loss to defendant in the form of proof required by the terms of the policy, and at the same time mailed defendant a check for $84 in payment of the premium. The proof and check were received by defendant through the mail on March 6, and on the following day the check was returned by mail, with a statement that defendant refused to accept the same, on the ground that, by the terms of the application under which the policy was issued, the premium was payable within ten days of the receipt of the policy; and, as it had not been paid within that time, the policy was not in force, and no liability attached thereunder.

The trial court found that, by the delivery of the policy without requiring prepayment of the premium, defendant extended credit to plaintiff, and the policy was in full force when the loss occurred. Defendant's claim that the policy was suspended and inoperative at the time of the fire is based upon the following clause in the application respecting the payment of the premium, namely,

> If not settled for by cash within ten days from date of policy the same will be held suspended until such settlement is made.

It is urged that this clause in the application became a condition of the insurance, a part of the contract between the parties, and, not having been complied with by plaintiff, the policy was under suspension and inoperative.

The question thus presented is answered adversely to defendant. Section 52, c. 175, p. 417, Laws 1895, provides that:

> In all insurance against loss by fire the conditions of insurance shall be stated in full, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract, except so far as they are incorporated in full into the policy.

The language of the statute is plain and unambiguous, and requires all conditions of the insurance contract to be incorporated in the policy. It was construed in Coleman v. Retail L. Ins. Assn., 77 Minn. 31, 79 N. W. 588, where it was held that a description of the property insured, as found in the application for the policy, could not be referred to for the purpose of limiting the description contained in the policy itself. Under the statute referred to, and the amendatory act of 1897 (chapter 254, p. 468), the standard form of policy there adopted is the exclusive contract between the parties, and conditions of the insurance not embodied therein are of no force. The statute was enacted in the interests of a sound public policy, to secure uniformity in insurance contracts, is within constitutional limits (Kerr, Ins., 70), and the policy there provided, even though dictated by law, must be construed by the same rules as similar contracts voluntarily entered into. Anderson v. Manchester Fire Assur. Co., 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241.

That the payment of the premium is one of the conditions of the insurance, there can be no doubt, and the provisions of the application relied upon in this case to defeat liability, not being made a part of the policy, are ineffectual. The policy itself must control, and, it having been delivered to plaintiff without a prepayment of the premium, defendant must be taken, as held by the learned trial court, to have extended credit for such payment; and the policy was, notwithstanding the fact that the premium had not been paid, in full force at the time

of the fire. Defendant is alone responsible for the situation; it was not required to deliver the policy except upon prepayment of the premium, and its act in doing so was voluntary. The case does not come within the scope of that part of the policy which provides that it shall be void if any material fact or circumstance stated in the writing has not been fairly represented by the insured. That clause of the policy refers exclusively to the conditions upon which the contract was entered into and the policy issued, and not to conditions of the insurance or facts arising subsequent to the issuance of the policy. We are not required to consider what remedy is open to an insurance company under circumstances like those here disclosed; whether, for a failure to pay the premium, a cancellation of the policy may be effected by the company, we do not stop to determine. The question is not involved in the present case.

The point made that the tender of the amount of the premium was by check, and not in money, and therefore insufficient, is not well taken. The check sent to defendant in payment of the premium was returned, not because it was a check, but because payment was made after plaintiff had suffered a loss, and at a time when he had no right to make payment of the premium. If it had been returned because of the fact that the payment was in the form of a check, defendant might be in position to claim that no tender of the premium had ever been made. It is said in Hunt, Tender, 82, that it has long been settled, both in England and America, that the tender of a bank check in payment is good, where it is refused, not on the ground that it is not lawful money, but upon some other ground which is not well taken. The ground in the case at bar being, not that it was in the form of a check, but that plaintiff had no right to make payment of the premium at that time, the ground was not well taken, and the tender was good.

Order appealed from is affirmed.