4804.    FIDELITY MUTUAL LIFE INSURANCE COMPANY
*v.* GOZA.

All the questions raised in this case are controlled adversely to the plaintiff in error by the decisions of this court in *Arnold* v. *Empire Insurance Co.*, 3 *Ga. App.* 685 (60 S. E. 470), and *Williams* v. *Empire Insurance Co.*, 8 *Ga, App.* 303 (68 S. E. 1082), which, upon review thereof, are adhered to.

DECIDED JUNE 25, 1913.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman. February 19, 1913.

W. L. *Clay*, for plaintiff in error. *Osborne & Lawrence*, contra.

POTTLE, J. The plaintiff in error issued a policy of insurance upon the life of one Goza, payable to his wife as beneficiary. The policy recited that it was issued in consideration of the payment in advance of $81.72, the agreed annual premium. In the application, which was a part of the policy, the insured agreed that no agent of the insurer, except certain named officers, should have the power to extend the time for the payment of any premium or to waive any forfeiture of the policy. The policy was issued March 15, 1911, at which time the insured made a cash payment of $20 upon the premium, and gave his note for $61.72, dated March 22, 1911, and due 90 days after date. There was a recital in this note that, if not paid at maturity, the policy "shall be ipso facto null and void, without notice to the maker hereof and without any act on the part of the company, and shall remain so until restored as provided by its terms." There was no provision in the policy for its forfeiture for the non-payment of any obligation given in settlement of the premium, but the policy did provide that in the event of default in the payment of any premium or obligation given for the premium, the policy might be revived at any time within three years, upon production of satisfactory evidence to the company of the payment of all overdue premiums. Shortly before the maturity of the note the insured paid $15 in cash, which was received by the company and credited on the note. On June 19 the company's manager wrote the insured stating that the note would mature the next day, and enclosed a renewal note with the amount left blank, stating that the writer did not recall exactly what amount the insured desired to pay at the maturity of the note. This renewal note was never executed or returned to the company. On July 4 another letter was addressed to the insured by the company's manager, acknowledging the receipt of the $15 and enclosing another renewal note, which the insured was requested to sign and return. On August 2 the manager again wrote to the insured, requesting the new note, "so as to keep your insurance in proper shape." On September 11 the manager wrote to him, expressing regret that no reply had been made to the several previous communications, and stating that the writer hoped that it was not the

insured's intention to permit the policy to remain lapsed. The note executed by the insured for the balance of the premium was payable to named agents of the company, and was accepted by it and entered on its books to the credit of the insured, with the notation that it was held for the balance of the premium. Matters remained in this condition until after the death of the insured on October 1, 1911; and on October 23 the note was charged on the books to the account of the managing agent to whom it was payable. The company never surrendered or offered to surrender it to the insured after its maturity. Suit was brought on the policy, and the company defended on the ground that, by the non-payment of the note at maturity, the policy had been forfeited. There were demurrers to the petition as amended, which were overruled; and, after the introduction of evidence, from which the foregoing facts appeared, the court directed a verdict for the plaintiff.

All the material questions of law raised in the record are controlled adversely to the plaintiff in error by the decisions of this court in the cases of *Arnold* v. *Empire Insurance Co.*, 3 *Ga. App.* 685 (60 S. E. 470), and *Williams* v. *Empire Insurance Co.*, 8 *Ga. App.* 303 (68 S. E. 1082). There was no stipulation in the policy of insurance that it should be void for non-payment of the note. The conduct of the company in holding the note and endeavoring to collect it after its maturity amounted to a waiver of its right to insist upon a forfeiture. It was so ruled expressly in the decisions above cited. We are requested to review and overrule these decisions. They were very carefully considered, and, in our opinion, state correctly the principles of law applicable to the cases then being dealt with, and these principles are controlling in the case now under consideration. We decline to overrule these decisions. There was no error in any of the rulings of the court of which complaint is made. *Judgment affirmed.*