## MARY COUGHLIN v. RELIANCE LIFE INSURANCE COMPANY.[1]

January 16, 1925.

No. 24,378.

**When condition in note for life insurance premium is nugatory.**

    1. A provision in a premium promissory note for the forfeiture of a policy of life insurance because of nonpayment of the note, when the policy does not contain language declaring it forfeited for nonpayment of notes given for a premium, is nugatory.

**Construction of terms of premium note.**

    2. The premium on a policy was $48.63. Under a Minnesota policy the premium was payable in advance. On maturity of the second premium November 13, 1920, the insured paid cash $12.63 and gave his note for $36 payable May 13, 1921. The note contained provisions, set forth in the opinion, to the effect that if the note was not paid when due the policy was to be considered as lapsed as of the date of the note and the cash retained by the insurer. Such conditions were not in the policy. Insured died June 19, 1921. *Held* that (1) it violated the statutory provision requiring the contract to be in the policy; (2) it violated the statutory provision against discrimination; (3) though our statute prohibits the objectionable matter in the agreement, it does not affect the validity of the original contract of insurance nor invalidate the note included in the agreement, representing a part of the premium; (4) the invalid portion of such agreement is a collateral agreement not countenanced by law and fails.

[1]Reported in 201 N. W. 920.

**Waiver of right to cash premium.**

3. Under a Minnesota policy the insurer has the power to waive its right to cash payment and accept the insured's note as payment.

**Presumption from note bearing interest.**

4. The fact that such note bears interest, raises a presumption that the taking of the note was for the benefit of the party taking it.

**Such note exception to rule concerning discharge of debt.**

5. Such note given for a premium, payable in advance, due on date of note, is given for a present and not an antecedent debt, and does not come within the rule that it does not discharge the debt unless expressly given and received as absolute payment.

**When insurer is estopped against claiming note was not accepted in payment.**

6. Where the insurer prepares such agreement and procures its execution and then retains the note and cash after the insured's death, all under the circumstances stated in the opinion, it is estopped from saying that such note was not given and accepted in payment of the premium.

Action in the district court for Steele county to recover $1,000 upon a life insurance policy. From an order, Senn, J., sustaining defendant's demurrer to the amended complaint, plaintiff appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Joss, Ohman, Fryberger & Parker,* for respondent.

WILSON, C. J.

Plaintiff has appealed from an order sustaining a demurrer to the complaint. The complaint says that plaintiff is the mother of Joseph D. Coughlin and the beneficiary named in a policy, attached to the complaint, issued by defendant, upon his life. The policy was issued November 13, 1919, and insured paid the first year's premium of $48.63 in advance. November 13, 1920, the second premium became due. At that time the insured paid to defendant in cash the sum of $12.63 and executed and delivered to defendant his note in the following form:

"Policy No. 164756.

"Minneapolis, Minn., November 13, 1920.

"On or before May 13, 1921, after date without grace and without demand or notice, I promise to pay to the order of the Reliance Life Insurance Company of Pittsburgh, Thirty-six and no/100 dollars ($36.00) at the Head Office of the Company in Pittsburgh, Pennsylvania, value received, with interest at the rate of five per cent per annum.

"This note is accepted by said Company at the request of the maker, together with $12.63 in cash, on the following express agreement:

"That the insurance under policy No. 164756 issued by said Company on the life of Joseph D. Coughlin shall be continued in force until midnight of the due date of said note; that if this note is paid on or before the date it becomes due such payment together with said cash will then be accepted by said Company as payment of the premium due on the 13th day of November, 1920, under the above policy and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the date it becomes due it shall thereupon automatically cease to be a claim against the maker and the said Company shall retain said cash as part compensation for the rights and privileges hereby granted and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made and said policy shall be considered lapsed as of the due date of said premium; that any partial payments or extensions endorsed on the reverse side of this note shall be subject to all the terms and conditions of this agreement the same as if originally included in this note; that said Company has duly given every notice required by its rules or by the Laws of any State in respect to said premium and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive and does hereby waive every other notice in respect to said premium on this note, it being well understood by the said maker that said Company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms.

"Joseph D. Coughlin."

On May 3, 1921, the defendant wrote the insured a letter as follows:

"May 3, 1921

This is to remind you that your note and interest amounting to $36.90 will be due May 13, 1921, and should be paid no later than that date.

"Kindly give this matter your immediate attention and oblige."

And on May 18, 1921, wrote the insured a letter as follows:

"May 18, 1921

"Your note and interest amounting to $36.90 due May 13, remains unpaid. This is a very important matter and we trust you will send us remittance by return mail. Your policy has now lapsed so it will be necessary for you to complete the attached Personal Health Certificate and return with your remittance in order to effect reinstatement."

But no other letter or notice was given insured. On June 19, 1921, the insured died. Defendant denied liability.

Our statute provides that the policy must contain the entire contract. Section 3469, G. S. 1913. Insurance companies are prohibited from making any contract or agreement as to contract other than expressed in the policy issued. Section 3462, G. S. 1913. Discrimination is prohibited. G. S. 1913, §§ 3461, 3462. Section 3478, G. S. 1913, contains the following provision:

(1) A provision for forfeiture of the policy for failure to repay any loan on the policy or to pay interest on such loan while the total indebtedness on the policy is less than the loan value thereof; or any provision for forfeiture for failure to repay any such loan or to pay interest thereon, unless such provision contain a stipulation that no such forfeiture shall occur until at least one month after notice shall have been mailed by the company to the last known address of the insured and of the assignee, if any.

Notice of whose address and contract of the assignment has been filed with the company at its home office.

All premiums must be paid in advance. Sections 3471 and 3477, G. S. 1913.

The policy contains this provision:

"All premiums are payable in advance at said home office, or to an agent of the company upon delivery of a receipt signed by the President or Secretary of the Company and countersigned by said Agent. A grace of one month, or thirty-one days, subject to an interest charge at the rate of five per centum per annum shall be granted for the payment of every premium after the first, during which period the insurance shall continue in force. If the Insured shall die during the days of grace, the overdue premium will be deducted from any amount payable hereon in any settlement hereunder. Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable. If any premium or installment thereof be not paid before the end of the period of grace, then this policy shall immediately cease and become void, and all premiums previously paid shall be forfeited to the Company," * * *

There are no provisions in the policy authorizing a forfeiture for nonpayment of a premium note and the forfeiture provision in the premium note is not contained in the policy. We are, therefore, at the outset met with the inquiry as to whether the forfeiture conditions in the premium note are valid or is this provision a violation of our statutory provisions.

Contracts of insurance are to be liberally construed in favor of the object to be accomplished, and the conditions and provisos of every policy will be strictly construed against the insurer who prepares and proposes the contract, and if the policy can be construed two ways, i. e., if it is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured. Forfeitures on such contracts are not to be favored. The statute sufficiently dictates the policy of our state in protecting the insured.

Our statute which requires the policy to contain the entire contract—reduces it to one paper—is in the interest of sound public

policy. Kollitz v. Equitable Mut. Fire Ins. Co. 92 Minn. 234, 99 N. W. 892; Dunnell, Minn. Digest, § 4646; Bowyer v. Continental Casualty Co. 72 W. Va. 333, 78 S. E. 1000. It leaves a complete written record of the business when the insured cannot speak.

Respondent concedes that the policy must contain the contract, but it claims when this note was given a year after the contract was made containing the forfeiture provision, that it merely extended credit, i. e., extended time in which the policy might be lapsed. It claims that the statutory edict is applicable only at the time of issuing the policy, and that the stipulation in the note is a separate and distinct agreement between the insured and the insurer, and that the company merely granted to the insured its indulgence in extending time for the payment of the premium. This position is supported by respectable authority. Keller v. North Am. Life Ins. Co. 301 Ill. 198, 133 N. E. 726; Fidelity Mut. Life Ins. Co. v. Price, 117 Ky. 25, 77 S. W. 384; French v. Columbia Life & Trust Co. 80 Ore. 412, 156 Pac. 1042, Ann. Cas. 1918D, 484. We are, however, unable to agree with this contention.

Under our statute the insurance companies are put under public supervision and the forms of policies are subject to public supervision. They are restricted in making contracts much as public utilities. All the terms of their contracts must be in the policy. None can exist outside the policy. There can be no discrimination in rates. Under the contention of respondent, as supported by the above authorities, we would have the rather unusual situation in which the contract for the first year must be in the form approved by the insurance commissioner and must be entirely included in the policy, but that during the second and subsequent years the insurance company can make the contract in such form as it may choose. In this case the forfeiture is made to be effective so that the policy lapses as of the date of the note, and not of the date due. The provision for forfeiture is exclusively in the note and is not in the policy. This violated the statute. This is not enforceable against the beneficiary.

A provision in such notes for the forfeiture of a policy for non-payment of the note, when the policy does not contain language de-

claring it forfeited for nonpayment of notes given for a premium is nugatory. Arnold v. Empire Mut. Annuity & Life Ins. Co. 3 Ga. App. 685, 60 S. E. 470 and cases cited; Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 South. 298; Dwelling House Ins. Co. v. Hardie, 37 Kan. 674, 16 Pac. 92; McAllister v. Ins. Co. 101 Mass. 558, 3 Am. Rep. 404; Kline v. Nat. Benefit Assn. 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; Hull v. life Ins. Co. 39 Wis. 397; Phoenix Ins. Co. v. Doster, 106 U. S. 30, 1 Sup. Ct. 18, 27 L. ed. 65; Ohde v. Northwestern Ins. Co. 40 Iowa, 357; Ins. Co. v. Bonner, 36 Oh. St. 51; Nat. Benefit Assn. v. Jackson, 114 Ill. 533, 2 N. E. 414; Langbehn v. American Ins. Co. 41 S. D. 581, 171 N. W. 820; Fidelity P. Fire Ins. Co. v. School Dist. 70 Okl. 300, 174 Pac. 513; Fidelity Mut. Life Ins. Co. v. Goza, 13 Ga. App. 20, 78 S. E. 735; Columbian Nat Life Ins. Co. v. Mulkey, 13 Ga. App. 508, 79 S. E. 482; Joyce, Ins. § 1211. We also find for this proposition substantial support in Kollitz v. Equitable Mut. Fire Ins. Co. 92 Minn. 234, 99 N. W. 892, and Palmer v. Mutual Life Ins. Co. 114 Minn. 1, 130 N. W. 250, Ann. Cas. 1912B, 957.

Respondent keeps the $12.63. For what? It was apparently upon the theory that the cash and the note paid the annual premium then due. We will discuss this later. If it was not payment, and was as respondent claims, just what the stipulation shows, namely, to lapse the policy if the note is not paid, then we have a situation in which the insured is getting insurance upon unusual and different terms than provided in the policy and in such a way as we conclude to be in violation of the statute against discrimination. This arrangement gave the insured 6-months' endowment insurance for a 3-months premium. The annual premium was $48.63. Here he paid the $12.63. He kept the insurance alive for 6 months. He got the equivalent of a rebate of $12. True, if he had died within the 6 months, the note would have been paid from the face of the policy. The company undertakes now to say that, by their letter of May 18, 1921, they terminated the policy as of the date of the note because of its nonpayment at maturity. But in the meantime the insured was insured, but upon what rate? Upon a discriminatory rate highly in favor of the assured. If it may be said the insured was

carried under term or straight life insurance and not endowment, then by the terms of the policy there was an equal discriminatory rate against the assured. The effect of these provisions is that the defendant retains $12.63 and gives 6 months' insurance for it and forfeits the policy at the end of the 6 months, asserting the right to claim the $12.13 as liquidated damages. On November 13, 1920, this insured, or any other person of the same age, could have obtained 6 months insurance on an annual or quarterly basis for a little over $5, and 6 months of straight life insurance for a little over $7. This is what the cost to the defendant would be, carrying this policy as an insurance policy. Either way, it violated the statute. We are therefore brought to the conclusion on this branch of the case that the stipulation in the note for the lapsing of the policy as a forfeiture is invalid and a nullity because: (1) It violated the statutory provision requiring the contract to be in the policy; and (2) it violated the statutory provision against discrimination.

What, then, is the effect of the elimination of this invalid portion of the agreement which contains the note?

It was perfectly lawful to give and accept a promissory note in payment of a premium. Kilborn v. Prudential Ins. Co. 99 Minn. 176, 108 N. W. 861; Aetna Life Ins. Co. v. Clark, 62 Pa. Super. Ct. 528; Amarillo Nat. Life Ins. Co. v. Brown (Tex. Civ. App.) 166 S. W. 658. Though our statute prohibits the objectionable matter in this agreement, it does not affect the validity of the original contract of insurance nor invalidate notes given for premiums. Security Life & Annuity Co. v. Costner, 149 N. C. 293, 63 S. E. 304.

The agreement here contained in the instrument providing for a forfeiture of the policy and, in violation of our statute, as we have pointed out, was a collateral agreement apart from and outside of the lawful agreement of payment. The collateral agreement, not being countenanced by law, had been stricken down by us. When this was done nothing remained but the lawful agreement to pay. Aetna Life Ins. Co. v. Clark, 62 Pa. Super. Ct. 528. It cannot be contended that, had the insured died before the maturity of the note, the company would not have been compelled to pay. It was never intended that our statute should invalidate notes given for premiums.

The general rule is that, where parties are in pari delicto, the court will not lend its aid to either, but there is a very definite exception to this rule in this, that where the paramount public interest demands it, the court will intervene in favor of one as against the other, even though the result may be that a benefit is derived by one who is in equal guilt with the defendant. Rideout v. Mars, 99 Miss. 199, 54 South. 801, 35 L. R. A. (N. S.) 485, Ann. Cas. 1913D, 770. The insurer invokes this invalid provision in the agreement to escape liability. The insured is not equally in violation of the law with the insurer, in a case like this, where the law is made for the regulation of insurance companies and their business, and where the company prepares and submits all papers. The theory of our legislature and the policy adopted by it, as well as the rule first announced in this opinion, is that the insured need not consider with microscopic care every element in his contract.

True, the company is required to demand payment of its premium in advance, but it had the power to waive cash payment and accept a note as payment in the place of cash; and, when it accepted the insured's note, instead of insisting on payment in cash, a waiver of cash payment resulted, and it could no longer say that the premium had not been paid. Kilborn v. Prudential Ins. Co. 99 Minn. 176, 108 N. W. 861; Veal v. Security Mut. Life Ins. Co. 6 Ga. App. 721, 65 S. E. 714; Arnold v. Empire Mut. Annuity & Life Ins. Co. 3 Ga. App. 685, 60 S. E. 470. A waiver once effected cannot be recalled. Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 South. 298. The fact that the note bears interest raises a presumption that the taking of the note was for the interest or benefit of the party taking it. Michigan Mut. Life Ins. Co. v. Bowes, 42 Mich. 19, 25 N. W. 692; Arnold v. Empire, supra. In the Bowes case Mr. Justice Cooley said:

"Although it is conceded that the taking of this paper was for the accommodation of the assured, it is nevertheless a legal presumption that the insurer found it to its interest to make the arrangement, so that the delay in the payment in consideration of the promise to pay interest is to be considered as agreed upon for the mutual advantage of the parties."

Obviously the insured here, had he lived, had no defense to the payment of this note, and his estate could have no defense thereto. The defendant still retains the note. The defendant holds the obligation of the insured to pay interest as a consideration for the delay in paying that part of the premium evidenced by the note. When the fact is established that the note is taken as payment, the conclusion is inevitable. Home Fire Ins. Co. v. Stancell, 94 Ark. 578, 127 S. W. 966; Dwelling House Ins. Co. v. Hardie, 37 Kan. 674, 16 Pac. 92. The policy provides that any indebtedness from the insured to the company should be deducted on settlement.

Under the policy the insured had 31 days' grace, but, if the note was accepted as a payment, its maturity and nonpayment did not constitute a default on the part of the insured that would terminate the policy. If it was a payment it kept the policy alive for a full year. Defendant seeks to bring this note within the rule that a promissory note given for an antecedent debt does not discharge the debt unless expressly given and received as an absolute payment. Way v. Mooers, 135 Minn. 339, 160 N. W. 1014, L. R. A. 1918B, 559; Mikolas v. Val Blatz Brewing Co. 147 Minn. 230, 180 N. W. 109. This doctrine has no application here. The policy required the premium to be paid in advance. The law required this provision in the policy. The note was therefore given for a present and not an antecedent debt. Defendant said the note was not given and accepted in payment, but merely as an extension of time in which the policy might be lapsed. If it was given and accepted for such purpose, it would be in violation of the statute requiring premiums' to be paid in advance, and such violation is made a crime. G. S. 1913, § 3463. On the other hand, the taking of the note as a payment does not violate the statute. Upon a somewhat analogous state of facts this court has said in substance that, even in the absence of an express agreement to that effect, the defendant must, in the judgment of law, be deemed to have accepted the notes in payment of the premium. Union Central Life Ins. Co. v. Taggart, 55 Minn. 95, 56 N. W. 579, 43 Am. St. 474. We are of the opinion that where an insurance company prepares an agreement, such as this interest-bearing note, with its invalid collateral agreement

therein, and procures the signature of the insured thereto, and then retains the note without returning it, as well as the $12.63, in view of the circumstances herein mentioned, until the insured is dead and still retains the note, it is estopped from saying that such note was not given and accepted in payment of the premium. As bearing upon the reason for such estoppel and perhaps in a measure showing the reason for such a transaction inspired and put into execution on the part of the company, it is interesting to observe the following: The company procured this note and $12.63 in cash. It agreed to carry the insurance for 6 months and then let it lapse if the note was not paid. Under its terms, as alleged in the complaint, it would have carried term insurance on the insured for one year in this amount for $10.21. In other words, it would have carried term insurance for a year for less than the cash it received from the insured, in addition to the note, for this insurance for 6 months. It would have carried straight life insurance on the insured for one year for $15.84. This is significant. It indicates that the transaction was not for the exclusive benefit of the insured. This would indicate that defendant received more than enough cash to pay for the kind of insurance involved in the event of the policy lapsing at the end of 6 months. Upon an analysis of this feature of this transaction it is obvious that, from defendant's standpoint, it collected enough cash to pay in advance for the kind of insurance which it in fact would give the insured in case of death during the year. It may have been term or it might have been straight life insurance. Had the policy lapsed it could not have been more than such insurance. In fact, the defendant made a contract which it deemed to its advantage and which it was not required to make under the terms of the policy. Obviously it had a reason for exacting $12.63 in cash. Had it not made this agreement the insured might have paid cash. He is not here to speak. The insurer should not be permitted to take advantage of its own illegal transaction in the absence of which it would clearly appear that the note was taken in payment of its proportionate amount of the premium.

We conclude that the complaint states facts sufficient to constitute a cause of action.

Reversed.