Key-Nos. 288(1), 336(3), Fire Insurance, 26 C. J. Sec. 330; (7) Insurance, Key-No. 537, Motor Vehicles, 28 Cyc. 50 (1926 Anno.).

On effect of procuring of insurance by mortgagee as a violation of provision in policy of mortgagor against other or additional insurance, see note in L. R. A. 1917A, 607.

---

RITTER, Respondent, v. THE AMERICAN LIFE INSURANCE COMPANY, Appellant.

### (203 N. W. 503.)

(File No. 5543.   Opinion filed April 18, 1925.)

**1,  Insurance—Negotiable Instruments—Contract—Estoppel—Acceptance of Note Payment of Year's Premium Notwithstanding Provision Therein.**

> Since policy, in view of Rev. Code 1919, Sec. 9340, constitutes entire contract, acceptance of note held payment of year's premium, notwithstanding provision of note that with or without notice and demand or notice of forfeiture nonpayment at maturity shall release company from liability, where policy contains no such provision.

**2.  Insurance—Contracts—Policy Must Contain Entire Agreement.**

> In view of Rev. Code 1919, Sec. 9340, policy must contain entire agreement, and cannot be changed or modified by what may be contained in some other agreement.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. FLEEGER, Judge.

Action by Arettia Ritter against the American Life Insurance Company of Des Moines, Iowa. Judgment for plaintiff, and defendant appeals. Affirmed.

*Bailey & Voorhees,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondent.

(1)  To point one of the opinion, Appellant cited:  Fidelity Mutual Life Insurance Co. v. Price, 77 S. W. 389, 117 Ky. 25; Noble v. Kansas City Life Insurance Co., 33 S. D. 458, 146 N. W. 606.

Respondent cited:  Schumacker v. North American Life Insurance Co., 169 N. W. 526.

POLLEY, P. J.  This action was brought to recover on a policy of life insurance. The policy was issued on the 31st day of July, 1917. The annual premium of $56.50 was paid when the

policy was issued. On the 31st day of July, 1918, the second premium was paid in full in cash. The third premium was not paid in cash, but on the 31st day of July, 1919, defendant took from the insured a promissory note, which reads as follows:

"Des Moines, Iowa, July 31, 1919.                $56.50.

. "On or before the 1st day of October, 1919, for value received, we promise to pay to the order of the American Life Insurance Company, at Des Moines, Iowa, $56.50, with interest, from date at 5 per cent per annum. Should any of the principal or interest remain unpaid after maturity, said principal and unpaid interest shall bear interest at the rate of 8 per cent per annum until paid.

"This note is given to extend the time of payment of a renewal premium on policy 28487, and any part thereof remaining unpaid shall be deducted from the proceeds of said policy in any settlement thereunder.

"I agree that with or without notice and demand from the company, and without notice of forfeiture, the nonpayment of this note at maturity shall release the company from all liability under said policy until payment thereof shall be made thereunder, accompanied by evidence of good health satisfactory to the company, except as otherwise provided in said policy after three full years' premiums shall have been paid. Upon default in payment of this note, we agree that a reasonable attorney's fee may be taxed as costs, and it is agreed that any justice of the peace may have jurisdiction on this note to the amount $300. The makers and indorsers severally waive presentment of payment, protest, and notice of protest and nonpayment of this note."

This note was not paid when due nor at all, and no other payment was ever made.

On or about the 30th day of March, 1921, the policy holder died. Thereupon the beneficiary, plaintiff herein, notified defendant of such death and demanded payment of the amount of the policy. Defendant refused payment and plaintiff brought this action.

The policy contains the following clause:

"If the premium is not paid when due this policy shall be ipso facto null and void and all premiums forfeited to the company except as herein provided."

It is conceded by defendant that this provision was waived by the acceptance of the said note.

[1]  But defendant contends that, inasmuch as the note was not paid when due, the policy lapsed on that date, and that there was no further liability on the part of the defendant.  On the other hand plaintiff contends that the note was accepted in lieu of a year's premium.  The policy contains the following provision: "This policy is automatically non-forfeitable after premiums have been paid for three full years.  If any renewal premium is not paid before the expiration of the period of grace herein allowed this policy will without action of the insured or payment of further premiums, continue as non-participating paid-up insurance for the principal sum insured, but without loan or surrender value, * * *" for the term specified in column 3 of the table on page 3 of the policy (in this case, 3 years and 9 months) after the expiration of the last year for which the premium was paid.  If the note is treated as payment of a year's premium, it kept the policy in force to March 31, 1924, a date long after the death of the insured.  This reduces the disposition of the case to the determination of a single question:  Should the acceptance of the note above set out be held to be payment of a year's premium?  The circumstances surrounding the transaction indicate that such was the intention of the parties at the time.

The note is for the exact amount of the annual premium. To compensate defendant for its forbearance in extending the time of payment the note bears interest from date to maturity at 5 per cent per annum, and 8 per cent after maturity, with a stipulation for attorney's fees if it became necessary to sue on the note.  The policy was not canceled at the maturity of the note. It is conceded that the giving of the note extended the insurance beyond the expiration of the second year, and there is no contingency named in the policy by which it was to lapse until the end of another year.  The extension of the insurance beyond the time for paying the premium was a sufficient consideration for the note, and defendant could have enforced payment of the same in full from the insured, even though the policy had lapsed, or against his estate after his death.  The result of this would be to exact a full year's premium for three months' insurance.  No

notice was given the insured that the policy had or would lapse because the note was not paid.

Defendant in support of its contention relies wholly upon the following condition found in the note:

"I [the insured] agree that with or without notice and demand from the company, and without notice of forfeiture, the nonpayment of this note at maturity shall release the company from all liability under this policy."

But this provision is not contained in the policy nor in the application, and the law provides that the policy shall constitute the entire contract, and the policy itself provides that the policy and the application (attached to policy) contains the entire contract between the parties. Section 9340, Rev. Code 1919.

A clause similar to this was recently considered at length by the Minnesota court in Coughlin v. Ins. Co., 201 N. W. 920. In that case it is said:

"A provision in such notes for the forfeiture of a policy for nonpayment of the note, when the policy does not contain language declaring it forfeited for nonpayment of notes given for a premium, is nugatory."

This seems to be in harmony with the weight of opinion. Joyce on Insurance, § 1211; Ins. Co. v. Mulkey, 13 Ga. App. 508, 79 S. E. 482; Life Ins. Co. v. Goza, 13 Ga. App. 20, 78 S. E. 735; Fire Ins. Co. v. School District, 70 Okl. 300, 174 P. 513; McAllister v. New England Life Ins. Co., 101 Mass. 558, 3 Am. Rep. 404; Dwelling House Ins. Co. v. Hardie, 37 Kan. 674, 16 P. 92; Hull v. Life Ins. Co., 39 Wis. 397; Ohde v. Life Ins. Co., 40 Iowa, 357; Arnold v. Life Ins. Co., 3 Ga. App. 685, 60 S. E. 470; Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298. It has been so held by this court. Langbehn v. Ins. Co., 41 S. D. 581, 171 N. W. 820. That this rule is not unanimous must be conceded, though whether the policies involved in the cases adhering to the opposite rule were "standard form" policies we do not know.

[2] But in the Langbehn Case we adopted the rule followed in the above cases to the effect that the policy must contain the entire agreement and would not be changed or modified by what may be contained in some other agreement. From this it follows that the third year's premium was paid by the acceptance of the

note, and that the policy was in force at the time of the death of the insured.

The judgment appealed from is affirmed.

CAMPBELL, J., not present.

Note.—Reported in 203 N. W. 503. See, Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 349(3), 32 C. J. Sec. 532; (2) Insurance, Key-No. 151(1), 32 C. J. Secs. 216, 250.