KENEFICK, Respondent, v. MUTUAL TRUST LIFE INSURANCE COMPAN, Appellant.

(266 N. W. 675.)

(File No. 7806. Opinion filed April 16, 1936.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Krause & Krause,* of Dell Rapids, for Respondent.

POLLEY, P. J. This action is brought to recover on a life insurance policy. The defense is that the policy had lapsed for failure to pay premiums before the death of the insured.

The policy involved was issued by the defendant and was dated March 7, 1922. It is a nonrenewable ten-year term policy for $10,000, with an annual premium of $148.90, payable in advance

on the 7th day of March of each year, and with a provision that, after the first year's premium had been paid the insured is allowed a grace of 31 days in which to pay next year's premium; the policy being kept in force meanwhile by the company.

The defendant is a mutual insurance company, and the policy contains the following provision: "Beginning at the end of the first policy year provided the second year's premium is paid, and annually thereafter during its continuance this policy shall be credited with its share of the company's divisible surplus as ascertained and determined by the directors."

As to the policyholder's share in this surplus, he is given three options: First, he could draw it out in cash at the end of the year; second, he could apply it as a partial payment of the next year's premium; or, third, he could permit it to accumulate in the hands of the company to the credit of the policy.

The annual premiums on the policy were paid each year from the issuance of the policy to the 7th day of March, 1928. The premium due on that date was not paid. At this time there was a dividend of $25.60 due the policyholder from the surplus. This sum was sufficient to pay the amount of the premium for two months, and on the last day of grace, to wit, on the 7th day of April, 1928, the insured made the following request known in the record as Exhibit D, and made out on a blank furnished by the company for that purpose:

"Exhibit 'D.' Request for Extension of grace period under Policy No. 93176 Issued by Mutual Trust Life Insurance Company, Chicago, Ill. Dated at Dell Rapids, S. D., this 7th day of April, 1928. Request is hereby made for an extension of the grace period in which to pay the premium of $148.90 due on the 7th day of March, 1928, and I hereby offer the payment of $25.60 Div. in cash on account of said premium, and promise to pay the balance, $123.30 with interest at the rate of 6 per cent from the original due date of said premium, on or before the 7th day of June, 1928, without further notice or demand.

"Such extension is requested, and if granted, shall be upon the following terms and conditions:

"1. If said balance of premium with interest is not paid when due said policy shall thereupon cease and determine, except for the

non-forfeiture provisions, if any, to which it was entitled at the original due date of said premium; and in such event the cash payment made with this request shall be retained by the Company as part compensation for the rights and privileges granted.

"2. That the Company shall not be bound to grant extensions of grace for the payment of any future premium, nor to accept any future premium unless paid in accordance with the terms of the policy.

"3. Due and sufficient notice with regard to this premium, whether required by the statute of any state or otherwise, has been given, and in consideration of such extension every other or further notice is hereby waived.

"4. This request shall not be binding upon the Company unless and until granted by countersignature of an officer thereof.
"Countersigned by
A. B. Slattengren                              M. M. Grove,
(signature of Officer)                   (Signature of Insured)
         "Mutual Trust Life Insurance Co."

In response to the above request, the company sent to the insured the following reply designated as Exhibit E, to wit:
"Dr. Martin M. Grove,
"Dell Rapids, So. Dakota.

"The Extension note dated 4-7-28 in the amount of $123,30 less Div. has been accepted and premium extended to June 7, 1928, with interest at the rate of 6 per cent per annum from the original due date of said premium.

                "Yours very truly,
                        "A. B. Slattengren, Secretary,
"Form 164."

On the 28th day of May, 1928, the company sent to the insured Exhibit F, which reads as follows:
"Mutual Trust Life Insurance Company
"Home Office: Chicago, Illinois.

"Hereby gives notice that a payment will be due on note as per the statement below:
Policy No. 93176 Note due 6-7-28 ....................\$123.30
            Interest ............................   1.85

              Total ......................\$125.15

"Dr. Martin M. Grove

"Dell Rapids, S. Dakota.

"Payment may be made to the cashier at the Home Office, or to McKinney & Allen, Inc., Gen. Agts., Citizens National Bank Bldg., 4th Floor, Sioux Falls, S. Dak.

"Form 49

"Return this Notice with Remittance. Report Any Changes of Address.

"Important

"If this note is not paid on or before the date due your policy will lapse. Pay It Now."

No attention appears to have been given to this notice, and nothing was ever paid on the note nor any further payments made on the premium.

On the 27th day of June, 1928, the insured died. This was 20 days after the due date of the note, and after the policy by its terms and by the terms of the note had expired; but the plaintiff contends that the giving of the note by the insured for the full amount of the balance due on the full year's premium paid the premium to the end of the premium year, and that the policy was in full force at the time of the death of the insured; and that we so held by our ruling in the Ritter Cases (Ritter v. American Life Ins. Co.), 48 S. D. 231, 203 N. W. 503, and 48 S. D. 571, 205 N. W. 382. On the other hand, appellant claims that the Ritter Cases are not necessarily decisive of this case; that the making of the said note did not pay the premium nor any part thereof; and that in any event the decisions in those cases are wrong and that they ought to be overruled.

The Ritter Cases are not necessarily controlling in this case. In those cases the insured was wholly in default, except for the note after the note was given, and the insurance was being carried solely by the note, with a penalty provided in the note to the effect that, if the note was not paid when due, the interest thereon would be increased from 5 per cent. to 8 per cent.; true, there were conflicting provisions in the note, but the insured could easily have believed, and no doubt did believe, that the increase in the interest was the only penalty provided for failure to pay the note when due, and that the policy was in full force until the time of his death. There is no such provision in this case.

In this case the most outstanding feature in the entire transaction is that the policy was not to be carried by the note for a single day. The premium came due on the 7th day of March, 1928. There was a grace period of 31 days, during which time the policy was kept in force by the company. Then on the last day of grace the insured paid the company his dividend of $25.60. This paid the premium to 7th day of June on which day the note fell due, and on that day the policy was to lapse unless the balance of the premium was paid. It was the understanding by the parties that the policy should not remain in force beyond the date when the next premium or installment thereof fell due. There were no such provisions involved in the Ritter Cases.

There is nothing in the note upon which an understanding that it paid the premium could be based. Indeed, the note did not so much as extend the payment of the premium. The payment of the premium was extended by the payment of the dividend of $25.60. This paid the premium in full to the 7th day of June, 1928, and by the terms of the note, if the balance of $123.30 evidenced by the note was not paid on that date, the policy was to lapse. It was the payment of this money, and not the note, that carried the insurance to the due date of the note, and the note really served no purpose whatever in the transaction.

Appellant strenuously insists that the Ritter Cases are wrong and ought to be overruled. In deciding those cases we followed a line of authorities from other states, most recent of which then was Coughlin v. Reliance Ins. Co., 161 Minn. 446, 201 N. W. 920, decided by the Supreme Court of Minnesota. But after more mature consideration we have come to the conclusion that the Ritter Cases should not stand as the law of this state, and, so far as they hold that the giving of a note to extend the payment of premium or an insurance policy amounts to a payment of such premium, they should be, and hereby are, overruled.

The judgment and order appealed from are reversed.

All the Judges concur.