STATE, BY DOUGLAS M. HEAD, ATTORNEY
GENERAL, AND ANOTHER v. AAMCO AUTOMATIC
TRANSMISSIONS, INC., AND OTHERS.
STANLEY KUGLER, APPELLANT.

199 N. W. 2d 444.

June 23, 1972—No. 43086.

---

*Van Valkenburg, Moss & Flaherty, Paul Van Valkenburg, Daniel D. Plauda, Lifson, Kelber, Abrahamson & Weinstein,* and *Maher J. Weinstein,* for appellant.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty, John C. McNulty,* and *Roberta K. Levy,* for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

PETERSON, JUSTICE.

Respondent AAMCO Automatic Transmissions, Inc., hereafter AAMCO, a foreign corporation, conducts a business as a national franchiser of automobile transmission repair shops. Appellant, Stanley Kugler, hereafter Kugler, is a Minneapolis franchisee of AAMCO in the sale of services and parts in the repair and replacement of automobile transmissions. The state, through its attorney general and the commissioner of economic development, instituted an action against both AAMCO and Kugler, as well as other local AAMCO franchisees, pursuant to Minn. St. 325.905, to enjoin them from deceptive advertising and sales practices, which resulted in a consent order of injunction. This appeal arises out of that action in the form of a cross-claim by Kugler against AAMCO and a counterclaim by AAMCO to Kugler's cross-claim.

Kugler alleged in his cross-claim that AAMCO, by creating the deceptive advertisements and forcing its franchisees to use and pay for these advertisements in the local media, had precipitated the state's action and, because of the resulting adverse publicity, had proximately caused the destruction of his business. AAMCO, in its counterclaim, alleged that Kugler had breached

the franchise agreement by failing to conform to AAMCO's standards of service and by engaging in sales practices which resulted in discredit to AAMCO's operations as well as his own.

The jury, by answers to special interrogatories, found that AAMCO had supplied false, untrue, deceptive, and misleading advertising and sales practices to Kugler, proximately causing substantial damages to him, but that Kugler had knowingly and willingly participated in such advertising and sales practices. Adopting the jury's findings, the trial court concluded that Kugler and AAMCO were in pari delicto and ordered judgment dismissing Kugler's claim and AAMCO's counterclaim with prejudice and on the merits. Kugler appealed from the judgment.

The jury's findings as to deceptive sales practices and advertising by these parties are fully supported by the evidence, an abbreviated recital of which will focus on the dispositive issue of whether the defense of in pari delicto may bar a recovery by Kugler against AAMCO.

Kugler became the first AAMCO franchisee in this area, starting in late 1964, and pursuant to the franchise agreement he was trained in the AAMCO sales method and committed himself to spend not less than $400 a week to place AAMCO-created advertising in the local media. AAMCO trained Kugler in its "three phase" method of selling customers, calculated to maximize sales of transmissions. The first phase was to get the customer into the shop by "bait" advertising the jury found to be deceptive and misleading, such as an initial advertisement for a $75 overhaul [1] and a later advertisement for a $23 inspection service that included removal, dismantling, and checking of the customer's automobile transmission. The second phase was to induce the customer to leave his automobile with the franchisee by advising

[1] One such advertisement read: "World's first and largest dependable service. Dependable guarantee. Automatic transmission specialists. Free towing, inspection, estimate, road test. AAMCO overhaul, $75.00. Budget payments. Including bands, seals, clutches, gaskets, oil and labor. Coast-to-coast ironclad guarantee. * * *"

him that his automotive problem was an "internal" one that required dismantling of the transmission. The third phase was to sell the customer a rebuilt transmission, starting with the most expensive rebuild and reducing it to less expensive ones as needed to overcome customer resistance.

Kugler, as the jury found, knowingly and willingly participated in this advertising and sales promotion, so willingly that he exceeded the requirements of the franchise agreement.[2] His business prospered as a result.[3] Almost immediately after entering upon the franchise he hired a local advertising consultant who, from materials supplied by AAMCO, aired this television and radio commercial:

"New low price on automatic transmission service from AAMCO. *Complete* guaranteed overhaul, only $75.00. Budget terms, and one-day service. Drive into AAMCO, 201 West Lake Street." (Italics supplied.)

And at about the same time, Kugler mailed the following promotional piece to several service stations:

"Refer automatic transmission problems to AAMCO, auto-

---

[2] The jury found, however, that he engaged in no deceptive business practices that were not approved by AAMCO. Although the jury additionally found that Kugler had taken "reasonable and timely steps to correct any untrue, deceptive, or misleading advertising and sales practices" (presumably after the Better Business Bureaus of Minneapolis and St. Paul had exerted pressure in response to numerous customer complaints), it is clear on this record that such efforts were, at best, minimal and unenthusiastic. As the trial court trenchantly observed, while Kugler was holding up one clean hand, he had his other hand in the honey bucket.

[3] The jury found that the diminution in the market value of Kugler's business as a result of AAMCO's conduct was $195,000. Quite apart from the dubious application of market value before AAMCO's misconduct (the value of the franchise at its inception was only about $4,000) and after AAMCO's misconduct (which occurred from the commencement of the franchise), it would seem that an award in such amount would have the effect of doubly rewarding Kugler for his own wrongdoing.

matic transmission specialist. Earn hundreds of dollars in referral fees. All you do is refer the prospects. AAMCO takes care of towing, road test, financing, customer relations. *AAMCO features $75 complete overhaul.* Many repairs run higher. *A recent job average was $161.* (Your referral fee is 10%)." (Italics supplied.)

Kugler spent not only the $400 a week required by the franchise for such advertising but in some weeks spent as much as $600 to $800 and more.

Kugler's sales practices upon customers produced by these advertisements revealed a "bait and switch" purpose and, worse, his own blatant fraud. Mr. and Mrs. Fred Dibble, customers of Kugler in the summer of 1966, brought their automobile to his shop because of a "clunking" noise in the transmission. They were told to leave their car, and when Mr. Dibble subsequently called the shop he was told that he needed a new transmission. He at first refused, but he agreed to purchase a new transmission for $395 when he was told that it would cost $30 to reassemble the transmission. Mrs. Dibble brought the car back to Kugler's shop on numerous occasions, complaining that she continued to hear the clunking noise. One Robert Keesling, who had been a mechanic for Kugler at that time, testified that the transmission had never in fact been removed and that they had only replaced a spring.

William Huggins, who had observed a transmission fluid leak, brought his car to the Kugler shop in response to the $23 inspection service advertisement. He was told his car needed a new transmission but said he could not afford it. He was then told that his transmission could not be reassembled, so he agreed to purchase a rebuilt transmission with a 6 months' guarantee for $285. His transmission, however, continued to leak fluid just as it had before, the implication of which is clear.

Theodore G. Noble brought his car to the Kugler shop and was sold an overhaul for about $265. When his car subsequently stopped running, Kugler's manager informed Noble that some-

one had placed metal filings in his transmission and that the guarantee of the previous overhaul job did not cover acts of vandalism. However, Noble's insurance adjuster, who had some prior experience with transmission repair, inspected the transmission filler tube and found no evidence of any filings deposited there. There was affirmative testimony from mechanic Keesling that Kugler's mechanics, under instruction from the sales manager and foreman, made a practice of placing metal filings in a customer's transmission pan to show the customer that he had an expensive "internal" mechanical problem requiring a new or rebuilt transmission. Keesling similarly testified that on at least one occasion he was instructed merely to clean and paint the customer's transmission to simulate a new or rebuilt transmission.

Other evidence of like import need not be recited. Complaints concerning Kugler's operations apparently were such that other local franchisees of AAMCO, concerned with the adverse effect of his practices upon their own business, expressed their concern and protest to AAMCO, suggesting that AAMCO not grant him a second franchise.

We hold, in these circumstances, that the doctrine of in pari delicto was appropriately applied to bar a recovery by Kugler against AAMCO. This doctrine is based upon judicial reluctance to intervene in disputes between parties who are both wrongdoers in equal fault. Although usually applied to parties to an illegal contract, 4 Dunnell, Dig. (3 ed.) § 1885, we think it should be just as applicable to tortious transactions based upon fraud or similar intentional wrongdoing. As stated in Kansas City Operating Corp. v. Durwood, 278 F. 2d 354, 357 (8 Cir. 1960): "Generally, anyone who engages in a fraudulent scheme forfeits all right to protection, either at law or in equity."

The contributory fault of Kugler in the destruction of his own business is clear. However much it may be argued that his implication in the business methods of AAMCO was induced or compelled by the superior economic power of AAMCO and the ab-

sence of an equally acceptable business alternative for Kugler, his participation was, as the jury found, both knowing and willing. He did more than his franchise demanded, both with respect to advertising and sales practices. The franchise contemplated bait and switch advertising, but it was only Kugler himself who could do the switching. And beyond switching, he developed his own technique of defrauding customers of payments for services not rendered. The degree of fraud may not be precisely measurable in the application of the principle of in pari delicto, but it is clear on this record that Kugler's fraud was no less than that of AAMCO.

We do not forecast an uncritical application of this doctrine, for it is not without exception. A parmount public interest in the enforcement of some statutes may call for judicial intervention in favor of one wrongdoer against the other in order to effectuate the enforcement of a public policy which overrides considerations of a benefit inuring to a wrongdoer. Coughlin v. Reliance Life Ins. Co. 161 Minn. 446, 454, 201 N. W. 920, 923 (1925). Enforcement of antitrust statutes was the basis of such an exception in Perma Life Mufflers, Inc. v. International Parts Corp. 392 U. S. 134, 139, 88 S. Ct. 1981, 1984, 20 L. ed. 2d 982, 990 (1968), grounded on the concept that the "private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws." Minn. St. 325.905, however, is distinguishable from antitrust statutes in that it makes no such provision for private enforcement, instead expressly imposing upon the attorney general "[t]he duty of a strict observance and enforcement of this law and prosecution for any violation thereof." We conclude that the public purpose of consumer protection is not substantially served by an award of damages to a seller who willingly participates in misleading and defrauding consumers.

Affirmed.

MR. JUSTICE TODD and MR. JUSTICE MACLAUGHLIN, not having been members of this court at the time of the argument and

submission, took no part in the consideration or decision of this case.